JOHN P. LeCRONE (State Bar No. 115875)
  johnlecrone@dwt.com
SCOTT R. COMMERSON (State Bar No. 227460)
  scottcommerson@dwt.com
VANDANA KAPUR (State Bar No. 281773)
  vandanakapur@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

STEPHEN M. RUMMAGE (*Pro Hac Vice Forthcoming*)
  steverummage@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, Washington  98101
Telephone:  (206) 622-3150
Fax:  (206) 757-7700

Attorneys for Defendant
A PLACE FOR ROVER, INC. dba
ROVER.COM

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIKA MILLER,<br><br>                    Plaintiff,<br><br>          vs.<br><br>A PLACE FOR ROVER, INC. d/b/a ROVER;<br>JANICE MALONEY; and DOES 1-20,000,000,<br><br>                    Defendants. | Civil Case No.<br><br>PRIVATE ATTORNEYS GENERAL ACT<br>REPRESENTATIVE ACTION<br><br>**NOTICE OF REMOVAL PURSUANT TO<br>28 U.S.C. §§ 1332, 1441 BY DEFENDANT<br>A PLACE FOR ROVER, INC.**<br><br>**[DECLARATION OF CONSENT TO<br>REMOVAL BY JANICE MALONEY<br>ATTACHED HERETO]** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA:

DAVIS WRIGHT TREMAINE LLP

1

Pursuant to 28 U.S.C. sections 1332, 1367, 1441, and 1446, Defendant A Place For Rover, Inc. ("Defendant Rover") hereby removes to this Court the state court action described below.  In support of this Notice of Removal, Defendant Rover alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332, and this action may be removed to this Court by Defendant Rover, because (1) there is complete diversity of citizenship between Plaintiff and Defendant Rover; (2) Defendant Janice Maloney ("Maloney") is a fraudulently joined individual Defendant whose citizenship will not defeat removal on diversity grounds; and (3) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2.      Because the state court action is pending in the Superior Court of California, County of San Francisco, removal of the state court action to this District Court is proper under 28 U.S.C. sections 1441(a) and 1446(a).

3.      Removal to and venue in this District are proper under 28 U.S.C. section 1391(a)(2) because Plaintiff filed the present case in San Francisco Superior Court and because she alleges she currently resides and was employed within this District.

## PROCEDURAL HISTORY & BACKGROUND

4.      On or about August 22, 2018, Plaintiff filed a representative action, *Miller v. A Place for Rover, Inc.*, *d/b/a Rover*; and DOES 1-20,000,000 (Civil Case No. CGC-18-569081), in the Superior Court of the State of California, County of San Francisco ("Original State Action").  A true and correct copy of the Complaint in the Original State Action ("Complaint") is attached as Exhibit A.  The Complaint alleged that Plaintiff and other pet care providers who offered their own services through Defendant Rover's website were misclassified as "independent contractors" and are entitled to civil penalties under the Private Attorneys General Act of 2004, California Labor Code section 2698, *et seq.* ("PAGA").

5.      On September 27, 2018, Defendant Rover answered in state court, then removed that action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. section 1332. That action was captioned *Miller v. A Place for Rover, Inc.*, et al., 4:18-cv-05939-KAW (N.D.

DAVIS WRIGHT TREMAINE LLP

DEFENDANT ROVER'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441
Case No.
4851-4134-7224v.2 0107222-000013

Cal. Hon. Kandis A. Westmore) ("Original Federal Action"). Plaintiff did not seek to remand the case at any time.

6. On October 1, 2018, Plaintiff submitted an amended PAGA notice to the Labor & Workforce Development Agency, alleging PAGA claims against Maloney for the first time.

7. On November 6, 2018, Plaintiff moved for voluntary dismissal, without prejudice, of the Original Federal Action pursuant to Fed. R. Civ. P. 41(a)(2). The Court granted Plaintiff's dismissal request two days later on November 8, 2018, before Defendant Rover had the opportunity to file its opposition. Defendant would have opposed the motion if it had been afforded sufficient time, based on the fact that Plaintiff had amended her PAGA notice to include Maloney, for no purpose other than to destroy diversity jurisdiction.

8. On or about November 20, 2018, Plaintiff filed the above-captioned PAGA representative action (Civil Case No. CGC-18-571480) in the Superior Court of the State of California, County of San Francisco ("Second State Action"), based on the same operative facts.

9. On December 12, 2018, Plaintiff amended her complaint in the Second State Action. A true and correct copy of the Amended Complaint in the Second State Action ("Amended Complaint"), which is the operative complaint in this action, is attached as Exhibit B. The Amended Complaint is based on substantially the same facts as those alleged in the Original State Action. In the Amended Complaint, Plaintiff alleges that she and other pet care providers who utilized Rover's website to offer their own services were misclassified as "independent contractors" and are entitled to civil penalties under PAGA against Defendant Rover. (Ex. C, Amended Complaint, Cause of Action ("COA") 1.)

10. In the Amended Complaint, Plaintiff also adds new sham claims against Maloney, whom Plaintiff identifies as "Rover's customer." (Ex. C, Amended Complaint ¶¶ 1, 2.) In a transparent effort to defeat diversity jurisdiction, Plaintiff alleges Maloney is a California resident. (Ex. C, Amended Complaint ¶ 10.) But, Plaintiff does not allege any facts to explain Maloney's relationship to her or her claims in this action, except to state that, at some

DEFENDANT ROVER'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441
Case No.
4851-4134-7224v.2 0107222-000013

DAVIS WRIGHT TREMAINE LLP

unspecified point, Maloney worked in California as a "pet care provider for Defendants."[1]   (Ex. C, Amended Complaint, ¶ 8.)  Plaintiff asserts claims against Maloney for violation of PAGA, failure to pay minimum wage, failure to pay overtime, failure to provide reimbursement for expenses, failure to furnish itemized wage statements, and "waiting time penalties" for failure to pay wages upon termination of employment.  (Ex. C, Amended Complaint, COA 1–7.)

11.     Plaintiff's claims that Maloney is liable to her for various wage and hour violations are conclusory and are not supported by factual allegations.  In particular, Plaintiff fails to plead – and cannot plead – any factual allegations to establish or suggest an employer/employee relationship between Plaintiff and Maloney, such as the dates, times, and/or scope of Plaintiff's purported employment relationship with Maloney, or the means by which Maloney purportedly exercised control over the services Plaintiff performed.  (Ex. C, Amended Complaint, ¶¶ 15–20 (general allegations and purported basis for joint liability); 21–39 (alleged California labor law violations); 40–47 (PAGA claim against Defendant Rover and Maloney); 48–49 (failure to pay minimum wage claim against Maloney, containing no allegations regarding what compensation, if any, Maloney paid to Plaintiff); 50–51 (failure to pay overtime claim against Maloney, containing no factual allegations that would establish entitlement to overtime pay from Maloney); 52–53 (failure to reimburse expenses against Maloney); 54–55 (failure to furnish wage statements claim against Maloney, containing no factual allegations that would trigger a duty to provide wage statements to Plaintiff); 56–57 (waiting time penalties against Maloney, containing no factual allegations, including termination of an employment relationship, to support Plaintiff's alleged entitlement to waiting time penalties from Maloney); 58–59 (San Francisco minimum wage violation claim against Maloney, containing no factual allegations regarding work performed for Maloney in San Francisco or compensation Maloney purportedly paid Plaintiff).)

12.     As set forth in more detail in Paragraph 23, below, Plaintiff seeks civil penalties under PAGA, including "the amounts of unpaid wages, unpaid overtime, unpaid expenses,

---

[1] In fact, Individual Defendant Maloney is a dog owner who engaged Plaintiff for a single dog boarding session through the Rover platform.

DEFENDANT ROVER'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441
Case No.
4851-4134-7224v.2 0107222-000013

DAVIS WRIGHT TREMAINE LLP

liquidated damages, and all other sums of money owed," attorneys' fees and costs, and pre- and post-judgment interest.  (*See* Ex. C, Amended Complaint, Prayer.)  Plaintiff also seeks injunctive relief.  (*See id.*)

13.     Plaintiff served the Amended Complaint on Defendant Rover on May 3, 2019.  A true and correct copy of the Summons and Amended Complaint received by Defendant Rover in the State Action is attached as Exhibit B.  Accordingly, this Notice of Removal is timely filed within the 30-day period in 28 U.S.C. section 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

14.     Defendant Rover denies that Plaintiff or any of the putative "aggrieved employees" in this action were misclassified as independent contractors, or that they are owed any of the amounts prayed for in the Amended Complaint.  For purposes of the jurisdictional requirements for removal, however, the allegations of Plaintiff's Complaint, taken at face value, satisfy the requirements for removal set forth in 28 U.S.C. section 1332.

15.     Does 1 through 20,000,000 represent the other defendants in this action.  Because these Doe Defendants are fictitious (*see* Ex. C, Amended Complaint ¶ 11), and because they have not yet been served, their consent to join in removal is not required.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded."); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).

16.     Although Maloney disputes that she is a proper defendant in this action, to the extent her consent is required, she consents to the removal of this action.  *See* 28 U.S.C. § 1441(b)(2)(A); Ex. J, Declaration of Consent.

## DIVERSITY

17.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), and which may be removed to this Court under 28 U.S.C.

DAVIS WRIGHT TREMAINE LLP

section 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

18.     <u>Plaintiff's Citizenship</u>:  Plaintiff alleges that she is a California resident, which creates a rebuttable presumption of citizenship.  (*See* Ex. C, Amended Complaint, ¶ 8.)  *Long v. Empire Today, LLC*, 2014 U.S. Dist. LEXIS 617, *4 (C.D. Cal. Jan. 3, 2014) (noting that "[a] person's residence can be prima facie evidence of citizenship").

19.     <u>Defendant Rover's Citizenship</u>:  Defendant Rover is headquartered in the State of Washington, and incorporated in the State of Delaware.  It is therefore a citizen of Washington and Delaware, but is not a citizen of California:

(a)     A corporation's principal place of business is where "the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' . . .  [T]he 'nerve center' will typically be found at a corporation's headquarters."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) (internal citations omitted).

(b)     Defendant Rover maintains its corporate headquarters in Seattle, Washington.  The majority of its executive officers and directors, including the chief executive officer, the chief financial officer, and many other executive officers and employees, work and direct Defendant Rover's operations from the corporate headquarters in Washington.

(c)     Accordingly, for purposes of jurisdiction under 28 U.S.C section 1332(a), Defendant Rover is a citizen of the State of Washington and a citizen of the State of Delaware. *See* 28 U.S.C. § 1332(c)(1).  Defendant Rover is not now, and has never been, a citizen of the State of California.

20.     <u>Maloney's Citizenship</u>:  In an attempt to destroy diversity of citizenship between the adverse named parties, Plaintiff has fraudulently joined Maloney, whom Plaintiff alleges to be a resident of the State of California.  (Ex. C, Amended Complaint, ¶¶ 5, 10.)

(a)     Fraudulently joined defendants will not preclude removal on diversity grounds.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (affirming removal on diversity grounds where certain defendants were joined to destroy diversity and

DEFENDANT ROVER'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441
Case No.
4851-4134-7224v.2 0107222-000013

DAVIS WRIGHT TREMAINE LLP

affirming grant of summary judgment in favor of defendants). Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the "failure is obvious according to the settled rules of the state." *Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F. Supp. 2d 1151 (N.D. Cal. 2009) (in wrongful-death and products-liability suit arising from an infant's use of cold medicine, plaintiffs asserted a merely fanciful claim against manufacturer's non-diverse sales representative, and thus representative's joinder did not defeat complete diversity between parties); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotations omitted); *see also Mercado v. Allstate Insurance Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (employee fraudulently joined because she cannot be held personally liable under California law for her actions as an employee); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (defendant seeking removal to federal court entitled to present facts showing joinder to be fraudulent; where pleadings and declarations showed that no cognizable claim was stated against defendant, joinder of resident defendant was a sham and did not destroy diversity); *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761-62 (9th Cir. 2002) (because defendant administrator was not a signatory to the relevant contract, plaintiff could not maintain a cognizable action against administrator and that administrator was fraudulently joined).

(b) As will be demonstrated in Maloney's Motion to Dismiss, Plaintiff cannot state a claim against Maloney under well-settled law on a multitude of grounds, including that Plaintiff has not and cannot allege any facts sufficient to show that Maloney, an individual dog-owner and customer of Plaintiff, ever owed any obligations to Plaintiff as an employer.

(c) Plaintiff's Amended Complaint contains nothing more than conclusory allegations without any factual detail regarding Maloney, and then misleadingly claims that Maloney and Defendant Rover collectively "have classified Plaintiff and others in the same job position as "independent contractors," though "they are actually employees." (Ex. C, Amended Complaint, ¶ 15.) Plaintiff's conclusory and factually unsupported "amended" allegations are ineffective and must be disregarded as forum-shopping and an attempt to destroy diversity.

DAVIS WRIGHT TREMAINE LLP

*Fisher v. Paul Revere Ins. Grp.*, 55 F. App'x 412, 413 (9th Cir. 2002) (affirming denial of motion to remand where Plaintiff joined fraudulently non-diverse defendant based on conclusory allegations); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1420 (9th Cir. 1989) (affirming denial of motion to remand on basis that "the conclusory allegations in the original complaint were insufficient to sustain the joinder of the individual defendants"); *Tipton v. Airport Terminal Servs., Inc.*, 2019 WL 185687, at *6 (C.D. Cal. Jan. 14, 2019) (affirming denial of motion to remand and finding fraudulent joinder of individual defendant on the grounds that Individual Defendant was not an "employer" within the meaning of the statute and therefore could not be held liable for employment discrimination); *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (denying motion to remand after finding plaintiff's "conclusory allegations . . . so inadequate as to justify dismissal without prejudice" and emphasizing that the "court need not, however, accept every allegation in the complaint as true; rather, the court 'will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff.'").

(d)     The fraudulent nature of the sham joinder is underscored by the fact that it occurred after Plaintiff voluntarily dismissed her Complaint following removal of the Original Federal Action.  This is the epitome of fraudulent joinder and not sufficient to defeat diversity. *Young v. Ford Motor Co.*, 2007 WL 1847663, at *1 (E.D. Cal. June 27, 2007) (denying motion to dismiss claims without prejudice for purpose of pursuing same action in state court after failing to move to remand on grounds where such dismissal would amount to impermissible "forum manipulation").

(e)     Further, 28 U.S.C. § 1447 provides:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  While the current action purportedly endeavors to join Maloney "pre-removal," Plaintiff has taken very deliberate and contrived steps to remain in state court by first voluntarily dismissing the Original Federal Action (soon after Defendant Rover had answered and removed), and shortly thereafter re-filing the matter in state court with the addition of a sham defendant.   It was only *after* Defendant

DEFENDANT ROVER'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441
Case No.
4851-4134-7224v.2 0107222-000013

DAVIS WRIGHT TREMAINE LLP

Rover's successful removal of the original action that Plaintiff joined Maloney in her new case. If the Amended Complaint is viewed in this light and is deemed an attempt at joinder post-removal, this Court has discretion to determine whether to permit such an amendment to destroy diversity in light of six factors, which the Court should consider as a whole:  the necessity of joinder under Fed. R. Civ. P. 19(a); statute of limitations; timing of request for leave; motive for joinder in light of jurisdictional concerns; validity of claims; and prejudice to plaintiff from denial of joinder.  *Borsotti v. Nationstar Mortg., LLC*, 2017 WL 10378492, at *2 (C.D. Cal. Nov. 15, 2017) (granting motion to strike amended allegations added for the purpose of destroying diversity under section1447(e)); *San Jose Neurospine v. Cigna Health & Life Ins. Co.*, 2016 WL 7242139, at *1 (N.D. Cal. Dec. 15, 2016) (denying motion to remand under six-factor test where amendment was sought after Defendant answered); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) (denying motion to amend complaint under factors where amendment would have destroyed diversity and emphasizing that such decision was reviewed under abuse of discretion standard, under *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)).

(f)     These factors, taken as a whole, weigh against the joinder of Maloney. *First*, she is unnecessary to effect complete relief to Plaintiff, whose Amended Complaint apparently rests on the theory that Defendant Rover and Maloney were joint employers of Plaintiff.  Even if these allegations were true, Plaintiff can obtain full recovery from Rover.  (*See* Ex. C, Amended Complaint, ¶ 12.)  *Second*, the timing of Plaintiff's purported amendment makes clear that she dismissed the Original Action and seeks to add Maloney solely to avoid federal jurisdiction.  *Third*, the procedural history confirms that Maloney was added for no other purpose than to destroy diversity.  *Fourth*, Plaintiffs' conclusory allegations against Maloney, a one-time user of Plaintiff's services offered through the Rover application, do not include any specific facts unique to Maloney's hiring of Plaintiff sufficient to justify treating her as Plaintiff's employer.  (*See* Ex. C, Amended Complaint, ¶¶ 12, 18–20, 48-59.)  *Fifth*, Plaintiff will suffer no prejudice from denial of Maloney's fraudulent joinder as the only practical effect will be to allow Plaintiff's claims to proceed in federal court.  In light of the foregoing, Plaintiff's purported amendments should be disregarded and stricken as fraudulent and sham allegations

DAVIS WRIGHT TREMAINE LLP

DEFENDANT ROVER'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441
Case No.
4851-4134-7224v.2 0107222-000013

1   added solely to destroy diversity.  28 U.S.C. § 1447; *Newcombe*, 157 F.3d at 691; *Borsotti,* 2017

2   WL 10378492, at *2; *San Jose Neurospine*, 2016 WL 7242139, at *1; *Clinco*, 41 F. Supp. 2d at

3   1082.

4       21.    Pursuant to 28 U.S.C. section 1441(a), "[f]or purposes of removal ... the

5   citizenship of defendants sued under fictitious names shall be disregarded."  Thus, the fictitious

6   "Does 1 to 20,000,000" are disregarded for determining diversity jurisdiction.  There is complete

7   diversity between the parties for purposes of removal.

8                          **AMOUNT IN CONTROVERSY**

9       22.    The required threshold amount in controversy is clearly met with respect to

10  Plaintiff's claims against Defendant Rover.  In measuring the amount in controversy for purposes

11  of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and

12  assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."

13  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.

14  2002) (quotations omitted).  The Court need not consider whether the claims against Maloney

15  contribute to the amount in controversy because she is Individual Defendant and the potential

16  liability against Defendant Rover well exceeds $75,000.

17      23.    In *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013), a

18  divided panel of the Ninth Circuit Court of Appeals held that certain penalties available to

19  "aggrieved employees" in a PAGA representative action cannot be aggregated across individuals

20  when determining the $75,000 jurisdictional minimum for removal.  Although Defendant Rover

21  disagrees with that ruling, the following sections focus on Plaintiff's potential individual

22  recovery for the alleged violations in the Amended Complaint.

23          (a)    Plaintiff's claims and prayer for relief rest on the theory that Defendant

24  Rover misclassified her (and others) as an independent contractor.  Based on the claims alleged

25  in the Amended Complaint, Plaintiff seeks to recover penalties under PAGA for alleged

26  violations of California Labor Code sections 226.8, 245-249, 3700, *et seq.*, 226, 226.3, 201-203,

27  204, 510, 558, 1194, 1197, 1197.1, 1198, 2802, and 2810.  Under PAGA, "whenever the Labor

28  and Workforce Development Agency, or any of its departments, divisions, commissions, boards,

DAVIS WRIGHT TREMAINE LLP

10

agencies, or employees, has discretion to assess a civil penalty, a court is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty." Cal. Lab. Code § 2699(e)(1).

(b)     Defendant Rover's records show Plaintiff has provided pet-sitting services based on advertisements she posted on Defendant Rover's website on two separate occasions during the PAGA period.

(c)     Plaintiff alleges that Defendant Rover misclassified her in violation of Labor Code section 226.8, which makes it unlawful for an employer to: (1) willfully misclassify an individual as an independent contractor; and (2) charge fees or make any deductions from compensation for any purpose, including goods, materials, space rental, services, licenses, repairs, maintenance, and fines, when such fees or deductions would have been impermissible had the individual not been misclassified.  Cal. Lab. Code § 226.8(a).  (Ex. C, Amended Complaint, ¶ 21.)  Pursuant to section 226.8(c), Plaintiff claims she can recover up to $25,000 in penalties for *each* violation—i.e., the alleged violation of 226.8(a)(1) and the alleged violation of 226.8(a)(2).  She seeks this penalty for "each aggrieved employee" and claims that these violations were a part of a "pattern and practice" of willful misclassification of "workers as independent contractors."  *See* Ex. C, Amended Complaint, ¶¶ 16-17, 22.  At a minimum, therefore, based on Plaintiff's allegations Defendant Rover allegedly owes at least $50,000 to Plaintiff in penalties under this statutory provision alone.

(d)     Plaintiff alleges that Defendant Rover failed to secure workers' compensation insurance in violation of Labor Code sections 3700, *et seq.*  This series of code sections, which form an interwoven statutory scheme, serve the purpose of punishing employers for violating their obligations to the State to secure workers' compensation as required by law.  *See Starving Students v. DLSE*, 125 Cal.App.4th 583, 587 (2005).  Plaintiff contends that "Defendant Rover is liable for civil penalties in the amounts specified in California Labor Code Section 3700.5 and/or PAGA."  (*See* Ex. C, Amended Complaint, ¶ 24.)  The civil penalties available under the workers' compensation provisions of the Labor Code are set forth in Labor Code section 3722.

DAVIS WRIGHT TREMAINE LLP

i.     If Plaintiff were to prevail on her claim for alleged failure to provide workers' compensation, Defendant Rover would be subject to a penalty that is the greater of: (1) twice the amount the employer would have paid in workers' compensation premiums during the period the employer was uninsured, determined according to subdivision (c), or (2) the sum of one thousand five hundred dollars ($1,500) per employee employed during the period the employer was uninsured. Cal. Lab. Code § 3722. Case law has upheld findings of penalties over $170,000 pursuant to this subsection. *See, e.g.*, *Taylor v. DLSE*, 4 Cal. App. 5th 801, 812-13 (2016).

ii.     Plaintiff alleges that, as a "pet care provider" listing her services on Rover.com, she and others are employees and that Rover should have maintained workers' compensation coverage. (Ex. C, Amended Complaint, ¶¶ 8, 15-16.) In any action to recover penalties for workers' compensation violations—whether brought directly by the state, through PAGA, or otherwise—the penalty is a single amount for the employer's failure to fulfill its obligations to the state to provide workers' compensation coverage to the alleged employees as a whole. Therefore, the penalty for alleged failure to obtain workers' compensation coverage is a single, unitary, indivisible amount. Substantially more than 500 California residents are allegedly similarly situated to Plaintiff, *i.e.*, they have signed up to offer pet sitting services through Defendant Rover's website. Accordingly, if Plaintiff were correct that Defendant Rover should have had workers' compensation insurance in place (which Defendant Rover disputes), then Defendant Rover could be subject to a single penalty exceeding the sum of $750,000, calculated as the product of at least 500 other pet sitters times $1,500 per pet sitter. This penalty would arise from a unitary obligation to maintain workers' compensation insurance and is not an obligation owed to individuals severally. Therefore, Plaintiff's demand for penalties under Labor Code section 3700, *et seq.*, standing alone, places at issue substantially more than the $75,000 jurisdictional amount.

(e)     Plaintiff further alleges that Defendant Rover owes her penalties under Labor Code section 2810 because it purportedly entered into one or more contracts or agreements for labor or services with customers, in which Defendant Rover knew or should have

DEFENDANT ROVER'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441
Case No.
4851-4134-7224v.2 0107222-000013

known that the contracts or agreements did not include funds sufficient to allow the customer to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided by the workers.  (Ex. C, Amended Complaint, ¶¶ 34-39.)  If Plaintiff were to succeed on this claim, pursuant to Labor Code section 2810(g) an employee aggrieved by a violation of this section is entitled to the greater of all of his or her actual damages or $250 per employee per violation for an initial violation and $1,000 per employee for each subsequent violation.  At a minimum, therefore, Defendant Rover allegedly owes at least $1,250 in penalties under this statutory provision to Plaintiff alone based on Plaintiff's allegations.

(f)     Plaintiff also alleges that Defendant Rover owes her penalties pursuant to California Labor Code section 558 for its purported failure to pay all wages owed and the attendant violation of order(s) of the Industrial Welfare Commission.  Plaintiff specifically alleges that Defendant Rover is liable for four, distinct violations.  (*See* Ex. C, Amended Complaint, ¶¶ 23, 25-27.)  Plaintiff alleges Defendant Rover is subject to a civil penalty of $50 per violation for the initial pay period, and $100 for each violation in each subsequent per pay period.  Because Plaintiff provided pet sitting services that she arranged through Defendant Rover's website on at least two separate occasions separated by several months, Defendant Rover is subject to a minimum of $600 in penalties under this provision.  On top of this, Plaintiff claims she is entitled to an "amount sufficient to recover underpaid wages" as part of the penalty. Cal. Lab. Code § 558(a).  Those additional alleged "penalties" would add yet further damages based on the amount of time Plaintiff alleges she worked.

(g)     Plaintiff claims Defendant Rover has failed to provide timely, accurate wage statements in violation of Labor Code sections 226 and 226.3.  (*See* Ex. C, Amended Complaint, ¶ 28.)  Under Labor Code section 226.3, Plaintiff alleges Defendant Rover would be subject to a penalty of $1,250.  Specifically, if Defendant Rover were found to have failed to provide Plaintiff a wage deduction statement or to keep the records required in section 226(a), Plaintiff alleges Defendant Rover would "be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation."

DAVIS WRIGHT TREMAINE LLP

(h)     Plaintiff also claims that she is owed waiting time penalties pursuant to Labor Code section 203, because Defendant Rover allegedly did not timely and fully pay her all compensation due upon discharge.  (Ex. C, Amended Complaint, ¶ 29.)  Although Defendant Rover disagrees with that assertion, if Plaintiff were owed waiting time penalties, those penalties would be $100.

(i)     Plaintiff further alleges that Defendant Rover violated statutory paid sick leave requirements set forth in Labor Code sections 245-249.  She claims that Defendant Rover is liable for civil penalties in the amounts specified in Labor Code section 248.5.  (*See* Ex. C, Amended Complaint, ¶ 23.)  Section 248.5(g) states "(t)he remedies, penalties, and procedures provided under this article are cumulative."  If Plaintiff were entitled to and denied sick leave as she alleges, the penalty would be at least $250.  *See* Cal. Lab. Code § 248.5(b)(2).

(j)     Where a code section does not provide for a specific civil penalty, and where the Defendant Rover allegedly employees one or more employees, "the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  Cal. Lab. Code § 2699(f)(2).  Based on the allegations in the Amended Complaint, Defendant Rover would potentially owe Plaintiff $2,100 in penalties under this subsection.  The following seven code sections identified in Plaintiff's Complaint do not provide specific penalties: California Labor Code sections 204, 510, 1194, 1197, 1197.1, 1198, and 2802.  For the first pay period during which Plaintiff says she provided services (and during which Defendant Rover purportedly committed a violation), she would be owed $700.  For the second pay period, she allegedly would be owed $1,400, for a total of $2,100.

(k)     The amounts set forth in paragraphs 14(d)(a) through 14(d)(i), above, substantially exceed the requisite $75,000.  In addition, if Plaintiff were successful in this action, she would be entitled to attorneys' fees under PAGA.  The amount of fees (and all other possible amounts in controversy) for purposes of removal is calculated as the amounts incurred through the end of the litigation.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 - 418 (9th Cir. 2018).  A reasonable estimate for fees in a misclassification and representative action such as this

DAVIS WRIGHT TREMAINE LLP

one, with millions in potential penalties at stake, would be no less than $250,000. Those fees should be aggregated in order to meet the amount in controversy requirement. *Lippold v. Godiva Chocolatier, Inc.*, 2010 U.S. Dist. LEXIS 47144, *9-11 (N.D. Cal. Apr. 15, 2010).

   (l)  The value of the case also would increase if the Court were to include the value of injunctive relief.

  24.  Thus, based on the nature of Plaintiff's allegations and the anticipated relief she will seek, the amount in controversy substantially exceeds $75,000.

  25.  Because there is complete diversity of citizenship between Plaintiff and Rover, Maloney's citizenship should be disregarded for purposes of removal, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. section 1332(a), and it is removable under 28 U.S.C. section 1441.

  26.  For the reasons set forth above, therefore, this action may be removed by Defendant Rover to this District Court pursuant to 28 U.S.C. section 1441 and, if necessary, pursuant to 28 U.S.C. section 1367.

## **MISCELLANEOUS**

  27.  Pursuant to 28 U.S.C. § 1446(a), the following constitutes all of the process, pleadings, or orders received or served by Defendant Rover or otherwise found in the State Action court file, and available to Defendant Rover at the time of the filing of this removal. True and correct copies are attached of the following:

    Ex. A.   Complaint from the Original State Action;

    Ex. B.   Complaint filed in Second State Action;

    Ex. C.   Summons and Amended Complaint, filed in Second State Action;

    Ex. D.   Civil Case Cover Sheet;

    Ex. E.   Notice to Plaintiff;

    Ex. F.   Order Continuing Case Management Conference;

    Ex. G.   Order to Show Cause;

DAVIS WRIGHT TREMAINE LLP

DEFENDANT ROVER'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441
Case No.
4851-4134-7224v.2 0107222-000013

Ex. H.      Plaintiff Erika Miller's Inspection Demand to Defendant A Place for Rover, Inc. dba Rover, Set One.;

Ex. I.      Answer and Proof of Service, filed by Defendant Rover.

28.    A Declaration of Consent to Removal by Individual Defendant Maloney is attached at the end of this Notice of Removal, to the extent Maloney's consent is necessary.

29.    Concurrently with the filing of this Notice, Defendant Rover has provided written notice of removal to all parties and has filed a copy of this Notice of Removal with the Clerk of the Superior Court of San Francisco County.

30.    Defendant Rover has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

Based on the foregoing, Defendant Rover removes this action from the Superior Court of San Francisco County to this Court, and requests that further proceedings be conducted in this Court as provided by law.

DATED: June 3, 2019.

DAVIS WRIGHT TREMAINE LLP
STEPHEN M. RUMMAGE
JOHN P. LeCRONE
SCOTT R. COMMERSON
VANDANA KAPUR

By:    /S/ John P. LeCrone
        John P. LeCrone

Attorneys for Defendant
A PLACE FOR ROVER, INC. dba
ROVER.COM

DEFENDANT ROVER'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 & 1441
Case No.
4851-4134-7224v.2 0107222-000013