# EXHIBIT A

THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail:  sgt@tidricklaw.com
E-mail:  jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff ERIKA MILLER

**FILED**
San Francisco County Superior Court

AUG 22 2018

CLERK OF THE COURT
BY: _____
Deputy Clerk

ORIGINAL

By Fax

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION  CGC-18-569081

| | |
|---|---|
| ERIKA MILLER,<br><br>           Plaintiff,<br><br>     v.<br><br>A PLACE FOR ROVER, INC. d/b/a Rover;<br>and DOES 1-20,000,000,<br><br>           Defendants. | Civil Case No.: _____<br><br>PRIVATE ATTORNEYS GENERAL ACT<br>REPRESENTATIVE ACTION<br><br>**COMPLAINT FOR CIVIL PENALTIES<br>UNDER THE LABOR CODE PRIVATE<br>ATTORNEYS GENERAL ACT OF 2004<br>("PAGA")** |

Plaintiff ERIKA MILLER ("Plaintiff"), prosecuting this action exclusively as a

representative action under the Private Attorneys General Act of 2004, California Labor Code

§ 2698 *et seq.* ("PAGA"), alleges as follows:

## NATURE OF THE CASE

1.     Plaintiff brings this civil action under PAGA on behalf of herself and others

who have worked for A Place for Rover, Inc. d/b/a Rover ("Defendant") as pet care providers,

to recover civil penalties for Defendant's violations of law, pursuant to PAGA. Plaintiff and

the other "aggrieved employees" have been denied fundamental rights under California wage

and hour laws in a similar and uniform way. Defendant has misclassified the workers as

independent contractors. Defendant has failed to pay the workers the minimum wages,

1

COMPLAINT FOR CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL
ACT OF 2004 ("PAGA") – *Miller v. A Place for Rover, Inc. d/b/a Rover*

1  overtime wages, expense reimbursements, and other benefits to which they are entitled under
2  California law. Therefore, Plaintiff brings this action to enforce California law. "The purpose
3  of the PAGA is . . . to create a means of "deputizing" citizens as private attorneys general to
4  enforce the Labor Code." *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489, 501 (2011).
5  To the extent permitted by PAGA, Plaintiff seeks an award of civil penalties, including in the
6  amounts of the unpaid wages, unpaid overtime compensation, unpaid expenses, liquidated
7  damages, interest, and all other sums of civil penalties/money owed pursuant to PAGA, and
8  attorneys' fees, costs, and expenses under California Labor Code §§ 218.5 and 226, California
9  Code of Civil Procedure §§ 1021.5 and 1033.5, PAGA, and/or other applicable law.

10                              **JURISDICTION AND VENUE**
11       2.      This Court has jurisdiction over Plaintiff's claims for civil penalties under
12  PAGA.
13       3.      The Court has personal jurisdiction over Defendant pursuant to California
14  Code of Civil Procedure § 410.10 because it is doing business in California, has committed
15  acts and/or omissions in California with respect to a cause of action arising from these acts or
16  omissions, and/or has caused effects in California with respect to a cause of action arising
17  from these acts and/or omissions. The monetary relief sought is in excess of the jurisdictional
18  minimum required by this Court and will be established according to proof at trial.
19       4.      Venue is proper in this county in accordance with California Code of Civil
20  Procedure §§ 395 and 395.5 because alleged activities and injuries took place in this county.

21                                     **PARTIES**
22       5.      Plaintiff has worked in California as a pet care provider for Defendant.
23       6.      Defendant A Place for Rover, Inc. d/b/a Rover does business in California.
24  Defendant is a "person" within the meaning of California Civil Code § 1786.2(a).
25       7.      The true names and capacities, whether individual, corporate, associate, or
26  otherwise, of each Defendant designated herein as a DOE defendant is unknown to Plaintiff at
27  this time and therefore said Defendants are sued by such fictitious names. Plaintiff will amend
28  this complaint to show their true names and capacities when ascertained. Plaintiff is informed

and believes and thereon alleges that each Defendant designated herein as a DOE defendant is legally responsible in some manner for the events, happenings, and omissions herein alleged, and in such manner proximately caused damages to Plaintiff and the other "aggrieved employees." Plaintiff is informed and believes and thereon alleges that each Defendant designated as a DOE defendant was acting as the agent, employee, partner, client, consumer, patron, service subscriber, purchaser, and/or servant of one or more of the other Defendants and was acting within the course and scope of such relationship(s), and/or as an employer or joint employer, and gave consent to, ratified, and/or authorized the acts alleged herein.

### PAGA REPRESENTATIVE ACTION ALLEGATIONS

8.    On June 11, 2018, Plaintiff gave written notice by certified mail to Defendant of Defendant's violations of the California Labor Code as alleged in this complaint, and Plaintiff filed the same with the State of California's Labor Workforce Development Agency ("LWDA").

9.    The LWDA did not provide written notice of its intention to investigate Defendant's alleged violations within sixty-five (65) calendar days of the postmark date, before Plaintiff filed the initial complaint in this action in the Superior Court of the State of California.

### GENERAL ALLEGATIONS

10.    Although Defendant has classified Plaintiff and others in the same job position as "independent contractors," they are actually employees. The workers are not free from the control and direction of Defendant in the performance of their work. Rather, Defendant controls and directs their work. Moreover, the workers perform work that is within the usual course of the Defendant's business. Finally, the workers are not customarily engaged in an independently established trade, occupation, or business. The workers incur no opportunity for "profit" or "loss"; rather, Defendant manages the business operation, attracts investors and customers, advertises, and obtains customers. The workers' investment is minor when compared to Defendant's investments. The workers have made no capital investment in Defendant's facilities, advertising, maintenance, staffing, or electronic systems. Defendant

3

1  provides investment and risk capital. The workers do not. But for Defendant's investments,

2  the workers would earn little or nothing from their relatively minor expenditures. The workers

3  do no exercise the skills and initiative of persons in business for themselves. The workers do

4  not exercise business sills and initiative necessary to elevate their status to that of independent

5  contractors. The workers own no enterprise. They exercise no business management skills.

6  They maintain no separate business structures or facilities. The workers do not hire or

7  subcontract other individuals to provide additional services to customers and increase their

8  revenues, as independent contractors in business for themselves would.

9       11.    The violations described above and herein are and have been part of an

10  unlawful pattern and practice of Defendant. Plaintiff's claims are typical of the claims of the

11  others whom Plaintiff seeks to represent. Defendant's common course of conduct in violation

12  of law as alleged herein has caused Plaintiff and the other aggrieved individuals to sustain the

13  same or similar injuries and damages. Plaintiff's claims are representative of and co-extensive

14  with the claims of the other individuals currently and formerly employed by Defendant within

15  the applicable statute of limitations periods.

16       <u>VIOLATIONS OF THE CALIFORNIA LABOR CODE</u>

17       **Willful Misclassification**

18       12.    California Labor Code 226.8(a) provides: "It is unlawful for any person or

19  employer to engage in any of the following activities: (1) Willful misclassification of an

20  individual as an independent contractor. (2) Charging an individual who has been willfully

21  misclassified as an independent contractor a fee, or making any deductions from

22  compensation, for any purpose, including for goods, materials, space rental, services,

23  government licenses, repairs, equipment maintenance, or fines arising from the individual's

24  employment where any of the acts described in this paragraph would have violated the law if

25  the individual had not been misclassified."

26       13.    Defendant's misclassification of the workers as independent contractors

27  constitutes willful misclassification in violation of California Labor Code § 226.8. Therefore,

28  Plaintiff seeks recovery of civil penalties in the amounts specified in California Labor Code

4

§ 226.8 and/or PAGA, for each aggrieved employee.

**Violations of Paid Sick Day Requirements, Labor Code §§ 245-249**

14.     Defendant violated California Labor Code § 246 by not having policies and procedures for the workers to accrue and take paid sick days. Because of Defendant's violations of the paid sick day requirements, Defendant is liable for civil penalties in the amounts specified in California Labor Code §§ 248.5, 558, and/or PAGA, for each aggrieved employee.

**Failure to Secure Compensation in Violation of Labor Code § 3700 *et seq.***

15.     Defendant did not secure workers' compensation for the workers, in violation of California Labor Code §§ 3700, 3700.5, 3712, and 3715. Because of Defendant's violations of those statutes, Defendant is liable for civil penalties in the amounts specified in California Labor Code § 3700.5 and/or PAGA, for each aggrieved employee.

**Failure to Pay Minimum Wages as Required by State Law**

16.     At all relevant times, Defendant has been required to pay the workers minimum wages under California law, including without limitation pursuant to Industrial Welfare Commission Wage Order Nos. 4, 5, 15 and/or 17. Nevertheless, Defendant has failed to ensure that the workers receive the applicable state minimum wage for all hours worked. Accordingly, Defendant has violated California Labor Code §§ 1194, 1197, 1197.1, 1198, 558, and/or the Industrial Welfare Commission Wage Orders (including without limitation Wage Order Nos. 4, 5, 15 and/or 17). Therefore, based on the violations set forth herein, on behalf of herself and the other aggrieved employees, Defendant is liable for civil penalties in the amounts specified in California Labor Code §§ 1194, 1197, 1197.1, 1198, 558, and/or PAGA, for each aggrieved employee.

**Unlawful Failure to Pay Overtime**

17.     Defendant has failed to maintain a policy that compensates the workers for all hours worked, including overtime. The workers routinely work over eight (8) hours per day and/or forty (40) hours per week but are not paid one and one-half their regular rate of pay for overtime work, in violation of California Labor Code §§ 510, 1194, 1198, and/or the

5

1   Industrial Welfare Commission Wage Orders (including without limitation Wage Order Nos.

2   4, 5, 15 and/or 17). Accordingly, Defendant is liable for civil penalties in the amounts

3   specified in California Labor Code §§ 510, 1194, 1198, 558, and/or PAGA, for each

4   aggrieved employee.

5                    **Unlawful Failure to Reimburse Expenses**

6       18.    Defendant has required the workers to bear many of the expenses of their

7   employment, including without limitation expenses for vehicles, gas, parking, phone usage,

8   vehicle wear and tear, vehicle insurance, leashes, bags, containers, cleaning supplies, medical

9   supplies, food/water, and waste disposal. Defendant has failed to indemnify the workers for

10  all necessary expenditures or losses incurred by the workers, in violation of California Labor

11  Code § 2802, which requires the employer to indemnify employees for all necessary

12  expenditures or losses incurred by employees in direct discharge of their duties, and

13  accordingly, Defendant is liable for civil penalties in the amounts specified in California

14  Labor Code §§ 558, 2802, and/or PAGA, for each aggrieved employee.

15             **Unlawful Failure to Furnish Timely, Accurate, Itemized Wage Statements**

16      19.    Defendant has failed and continues to fail to provide timely, accurate itemized

17  wage statements to the workers in violation of California Labor Code §§ 226(a)-(e) and/or

18  226.3. Defendant's failure to provide timely, accurate, itemized wage statements to Plaintiff

19  and other aggrieved employees in accordance with the California Labor Code has been

20  knowing and intentional. Accordingly, Defendant is liable for civil penalties in the amounts

21  specified in California Labor Code §§ 226, 226.3, and/or PAGA, for each aggrieved

22  employee.

23                        **Waiting Time Penalties**

24      20.    California Labor Code § 201(a) requires an employer who discharges an

25  employee to pay compensation due and owing to said employee upon discharge. California

26  Labor Code § 202(a) requires an employer to pay compensation due and owing within

27  seventy-two (72) hours of an employee's termination of employment by resignation.

28  California Labor Code § 203 provides that if an employer willfully fails to pay compensation

                                            6

1   promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer

2   is liable for penalties in the amount of continued wages for up to thirty (30) work days.

3        21.    Plaintiff and certain of the other aggrieved individuals were not paid full

4   compensation, including unpaid minimum wages and overtime wages as alleged herein, and

5   were not paid that compensation that was due and owing upon discharge and/or within

6   seventy-two (72) hours of the employee's termination of employment by resignation. Thus,

7   Defendant has failed and refused, and continues to willfully fail and refuse, to timely pay

8   compensation and wages and compensation in violation of California Labor Code §§ 201,

9   202, and 203. Because of Defendant's violations of California Labor Code §§ 201, 202, and

10  203, Defendant is liable for civil penalties in the amounts specified in California Labor Code

11  §§ 201, 202, 203, 256, 1197.1, and/or PAGA, for each aggrieved employee.

12              **Penalties for Failure to Pay All Wages Owed Every Pay Period**

13       22.    At all times relevant during the liability period, Plaintiff and the other

14  aggrieved individuals were employees of Defendant covered by California Labor Code § 204.

15       23.    Pursuant to California Labor Code § 204, Plaintiff and the other aggrieved

16  individuals were entitled to receive on regular paydays all wages earned for the pay period

17  corresponding to the payday.

18       24.    Defendant failed to pay Plaintiff and the other aggrieved individuals all wages

19  earned each pay period. Plaintiff is informed, believes, and thereon alleges, that at all times

20  relevant during the liability period, Defendant maintained a policy or practice of not paying

21  Plaintiff and the other aggrieved individuals all overtime wages owed for all overtime hours

22  worked. That violates Labor Code § 204. Because of Defendant's violations of Labor Code

23  § 204, Defendant is liable for civil penalties in the amounts specified in California Labor

24  Code §§ 204, 210, and/or PAGA, for each aggrieved employee per pay period.

25                        <u>SOLE CAUSE OF ACTION</u>

26              **PAGA Claims, California Labor Code § 2698 *et seq.***

27       25.    Plaintiff incorporates all paragraphs of this complaint as if full set forth herein.

28       26.    Plaintiff and all other individuals who currently and/or formerly have worked

7

COMPLAINT FOR CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL
ACT OF 2004 ("PAGA") – *Miller v. A Place for Rover, Inc. d/b/a Rover*

as pet care providers for Defendant are "aggrieved employees" under PAGA. Plaintiff seeks
to recover from Defendant, on behalf of herself and all of the other aggrieved employees, civil
penalties pursuant to PAGA, plus reasonable attorneys' fees, costs, and expenses.

27.    Plaintiff brings this action under PAGA as a representative suit on behalf of all
"aggrieved employees" pursuant to the procedures in PAGA, and seeks to the recover the
PAGA civil penalties on a representative basis. Indeed, under PAGA, "[n]otwithstanding any
other provision of law, any provision of this code that provides for a civil penalty to be
assessed and collected by the Labor and Workforce Development Agency or any of its
departments, divisions, commissions, boards, agencies, or employees, for a violation of this
code, may, as an alternative, be recovered through a civil action brought by an aggrieved
employee on behalf of himself or herself and other current or former employees pursuant to
the procedures specified in Section 2699.3." California Labor Code § 2699(a).

28.    PAGA also provides: "For all provisions of this code except those for which a
civil penalty is specifically provided, there is established a civil penalty for a violation of
these provisions, as follows: (1) If, at the time of the alleged violation, the person does not
employ one or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the
time of the alleged violation, the person employs one or more employees, the civil penalty is
one hundred dollars ($100) for each aggrieved employee per pay period for the initial
violation and two hundred dollars ($200) for each aggrieved employee per pay period for each
subsequent violation." California Labor Code § 2699(f)(1)-(2).

29.    PAGA also provides:  "Any employee who prevails in any action shall be
entitled to an award of reasonable attorney's fees and costs." California Labor Code
§ 2699(g)(1).

30.    Plaintiff has satisfied the pre-filing notice and exhaustion of administrative
remedies requirement under PAGA.

31.    Defendant has, through its policies and practices described herein, violated
several provisions of the California Labor Code for which Plaintiff seeks recovery of civil
penalties, as specified herein.

32.     WHEREFORE, pursuant to PAGA, Plaintiff seeks civil penalties, attorneys'
fees, expenses, and costs, and any further relief that the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) Civil penalties, including the amounts of unpaid wages, unpaid overtime, unpaid
   expenses, liquidated damages, and all other sums of money owed, pursuant to
   PAGA;

b) To the extent permitted by PAGA, reasonable attorneys' fees, expenses, and costs
   as specified under California Labor Code §§ 218.5 and 226, California Code of
   Civil Procedure §§ 1021.5 and 1033.5, PAGA, and/or other applicable law;

c) To the extent permitted by PAGA, pre-judgment and post-judgment interest;

d) To the extent permitted by PAGA, for preliminary, permanent, and mandatory
   injunctive relief prohibiting Defendants and their officers and agents from
   committing the violations of law herein alleged in the future; and

e) Any further relief that the Court deems just and proper.

DATED: August 22, 2018                    Respectfully submitted,

                                          THE TIDRICK LAW FIRM

                                          By:

                                          STEVEN G. TIDRICK, SBN 224760
                                          JOEL B. YOUNG, SBN 236662

                                          THE TIDRICK LAW FIRM
                                          STEVEN G. TIDRICK, SBN 224760
                                          JOEL B. YOUNG, SBN 236662
                                          1300 Clay Street, Suite 600
                                          Oakland, California 94612
                                          Telephone:   (510) 788-5100
                                          Facsimile:   (510) 291-3226
                                          E-mail:      sgt@tidricklaw.com
                                          E-mail:      jby@tidricklaw.com

                                          Attorneys for Individual and Representative
                                          Plaintiff ERIKA MILLER

9

COMPLAINT FOR CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL
ACT OF 2004 ("PAGA") – *Miller v. A Place for Rover, Inc. d/b/a Rover*

# EXHIBIT B

ORIGINAL

THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail:    sgt@tidricklaw.com
E-mail:    jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff ERIKA MILLER

**FILED**
San Francisco County Superior Court

NOV 2 0 2018

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| ERIKA MILLER,<br><br>          Plaintiff,<br><br>     v.<br><br>A PLACE FOR ROVER, INC. d/b/a Rover;<br>JANICE MALONEY; and DOES 1-<br>20,000,000,<br><br>          Defendants. | Civil Case No.: **CGC-18-571480**<br><br>PRIVATE ATTORNEYS GENERAL ACT<br>REPRESENTATIVE ACTION<br><br>**COMPLAINT FOR CIVIL PENALTIES<br>UNDER THE LABOR CODE PRIVATE<br>ATTORNEYS GENERAL ACT OF 2004<br>("PAGA") ETC.** |

Plaintiff ERIKA MILLER ("Plaintiff"), prosecuting this action against A Place for

Rover, Inc. d/b/a Rover exclusively as a representative action under the Private Attorneys

General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA"), alleges as follows:

**NATURE OF THE CASE**

1.      Plaintiff brings this civil action against A Place for Rover, Inc. d/b/a Rover

("Defendant," "Defendant Rover," or "Rover") under PAGA on behalf of herself and others

who have worked for Rover as pet care providers, to recover civil penalties for Defendant's

violations of law, pursuant to PAGA. Plaintiff and the other "aggrieved employees" have been

denied fundamental rights under California wage and hour laws in a similar and uniform way.

1

Defendant has misclassified the workers as independent contractors. Defendant has failed to pay the workers the minimum wages, overtime wages, expense reimbursements, and other benefits to which they are entitled under California law. Therefore, Plaintiff brings this action to enforce California law. "The purpose of the PAGA is . . . to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code." *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489, 501 (2011). To the extent permitted by PAGA, Plaintiff seeks an award of civil penalties, including in the amounts of the unpaid wages, unpaid overtime compensation, unpaid expenses, liquidated damages, interest, and all other sums of civil penalties/money owed pursuant to PAGA, and attorneys' fees, costs, and expenses under California Labor Code §§ 218.5 and 226, California Code of Civil Procedure §§ 1021.5 and 1033.5, PAGA, and/or other applicable law.

2.      In this complaint, Plaintiff does not presently allege any PAGA claims against Defendant Janice Maloney ("Maloney" or "Defendant Maloney") or against any of the Doe Defendants that are Rover's customers, notwithstanding any statements herein that might otherwise be construed to the contrary.

3.      In this complaint, Plaintiff does not presently allege any PAGA claims against any Defendant arising from violations of Labor Code §§ 2810 and/or 2810.3, notwithstanding any statements herein that might otherwise be construed to the contrary.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's claims against Rover for civil penalties under PAGA, and also has jurisdiction over all other claims alleged herein.

5.      The Court has personal jurisdiction over Defendant A Place for Rover, Inc. d/b/a Rover pursuant to California Code of Civil Procedure § 410.10 because it is doing business in California, has committed acts and/or omissions in California with respect to a cause of action arising from these acts or omissions, and/or has caused effects in California with respect to a cause of action arising from these acts and/or omissions.

6.      The Court has personal jurisdiction over Defendant Janice Maloney because she is a resident of California, has committed acts and/or omissions in California with respect

2

COMPLAINT FOR CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL
ACT OF 2004 ("PAGA") ETC. – *Miller v. A Place for Rover, Inc. d/b/a Rover et al.*

1  to a cause of action arising from these acts or omissions, and/or has caused effects in

2  California with respect to a cause of action arising from these acts and/or omissions.

3      7.      The monetary relief sought is in excess of the jurisdictional minimum required

4  by this Court and will be established according to proof at trial.

5      8.      Venue is proper in this county in accordance with California Code of Civil

6  Procedure §§ 395 and 395.5 because alleged activities and injuries took place in this county.

7  **PARTIES**

8      9.      Plaintiff has worked in California as a pet care provider for Defendants.

9      10.     Defendant A Place for Rover, Inc. d/b/a Rover does business in California.

10 Defendant is a "person" within the meaning of California Civil Code § 1786.2(a).

11     11.     Defendant Janice Maloney ("Maloney") is a resident of San Francisco,

12 California. She is a "person" within the meaning of California Civil Code § 1786.2(a).

13     12.     The true names and capacities of each of the Defendants designated herein as

14 DOES, including without limitation Rover's customers/labor contractors, are unknown to

15 Plaintiff at this time and therefore said Defendants are sued by such fictitious names are sued

16 by such fictitious names. Plaintiff will amend this complaint to show their true names and

17 capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each

18 Defendant designated herein as a DOE defendant is legally responsible in some manner for

19 the events and happenings herein alleged and in such manner proximately caused damages as

20 herein alleged.

21     13.     Plaintiff is informed and believes and thereon alleges that each Defendant

22 designated as a DOE defendant was acting as the agent, employee, partner, client, consumer,

23 patron, service subscriber, purchaser, and/or servant of one or more of the other Defendants

24 and was acting within the course and scope of such relationship(s), and/or as an employer or

25 joint employer, and gave consent to, ratified, and/or authorized the acts alleged herein.

26 **PAGA REPRESENTATIVE ACTION ALLEGATIONS**

27     14.     On June 11, 2018, Plaintiff gave written notice by certified mail to Defendant

28 Rover of Defendant Rover's violations of the California Labor Code as alleged in this

3

1  complaint, and Plaintiff filed the same with the State of California's Labor Workforce

2  Development Agency ("LWDA"). The LWDA did not provide written notice of its intention

3  to investigate Defendant's alleged violations within sixty-five (65) calendar days of the

4  postmark date, before Plaintiff filed this action in the Superior Court of the State of California.

5  <u>**GENERAL ALLEGATIONS**</u>

6      15.    Although Defendants have classified Plaintiff and others in the same job

7  position as "independent contractors," they are actually employees. The workers are not free

8  from the control and direction of Defendants in the performance of their work. Rather,

9  Defendants control and direct their work. Moreover, the workers perform work that is within

10  the usual course of business of one or more of the Defendants. Finally, the workers are not

11  customarily engaged in an independently established trade, occupation, or business. The

12  workers incur no opportunity for "profit" or "loss"; rather, one or more of the Defendants

13  manage the business operation, attract investors and customers, advertise, and obtain

14  customers. The workers' investment is minor when compared to any of the Defendants'

15  investments. The workers have made no capital investment in any of the Defendants'

16  facilities, advertising, maintenance, staffing, or electronic systems. One or more Defendants

17  provide investment and risk capital. The workers do not. But for Defendants' investments, the

18  workers would earn little or nothing from their relatively minor expenditures. The workers do

19  no exercise the skills and initiative of persons in business for themselves. The workers do not

20  exercise business sills and initiative necessary to elevate their status to that of independent

21  contractors. The workers own no enterprise. They exercise no business management skills.

22  They maintain no separate business structures or facilities. The workers do not hire or

23  subcontract other individuals to provide additional services to customers and increase their

24  revenues, as independent contractors in business for themselves would.

25      16.    In addition, Defendants have willfully misclassified the workers as

26  "independent contractors," violated sick day requirements, failed to secure workers'

27  compensation, failed to pay minimum wages, failed to pay overtime, failed to reimburse

28  expenses, failed to furnish timely, accurate, itemized wage statements, failed to pay

1  compensation that was due and owing upon discharge, and failed to pay all wages owed every

2  pay period.

3      17.    The violations described above and herein are and have been part of an

4  unlawful pattern and practice of Defendant Rover. Plaintiff's claims are typical of the claims

5  of the others whom Plaintiff seeks to represent. Defendant Rover's common course of conduct

6  in violation of law as alleged herein has caused Plaintiff and the other aggrieved individuals to

7  sustain the same or similar injuries and damages. Plaintiff's claims are representative of and

8  co-extensive with the claims of the other individuals currently and formerly employed by

9  Defendant within the applicable statute of limitations periods.

10                          **JOINT LIABILITY**

11      18.    At all relevant times, under the California Labor Code, Defendants have been

12  employers and/or joint employers of Plaintiff. The employment of Plaintiff and the other

13  workers by Rover is not completely disassociated from employment by Rover's

14  customers/labor contractors. The Defendants do not act entirely independently of each other

15  and are not completely dissociated with respect to the employment of Plaintiff and the other

16  workers. Rover maintains significant control over the work performed by the workers. Rover

17  plays significant roles in establishing, maintaining, and directing the work-related policies that

18  have been applied to Plaintiff and the other workers. Rover benefits financially from the work

19  that Plaintiff and the other workers perform. Additionally, Defendants have acted directly or

20  indirectly in their joint interests in relation to supervision over, and control of, Plaintiff and

21  the other workers.  As employers and/or joint employers of Plaintiff and the other workers,

22  Defendants are responsible both individually and jointly for compliance with all applicable

23  provisions of the California Labor Code.

24      19.    Pursuant to California Labor Code § 2810.3, Rover shares with the labor

25  contractors (*i.e.*, Rover's customers/labor contractors) all civil legal responsibility and civil

26  liability for both of the following: (1) the payment of wages; and (2) failure to secure valid

27  workers' compensation coverage as required by Section 3700. This complaint identifies

28  numerous violations of law relating to those two categories of shared responsibility and

1    liability set forth in 2810.3(b). Accordingly, to the extent that the customers/labor contractors

2    have civil legal responsibility and civil liability for the violations of law cited in this

3    complaint, Rover shares in that responsibility and liability, and accordingly, Plaintiff seeks to

4    recover monies from Rover (including without limitation pursuant to the statutes cited herein).

5        20.    Plaintiff provided notice, pursuant to California Labor Code § 2810.3(d), of the

6    violations under California Labor Code § 2810.3(b), by letter to Defendants dated October 1,

7    2018.

8                **VIOLATIONS OF THE CALIFORNIA LABOR CODE**

9                          **Willful Misclassification**

10       21.    California Labor Code 226.8(a) provides:  "It is unlawful for any person or

11   employer to engage in any of the following activities: (1) Willful misclassification of an

12   individual as an independent contractor. (2) Charging an individual who has been willfully

13   misclassified as an independent contractor a fee, or making any deductions from

14   compensation, for any purpose, including for goods, materials, space rental, services,

15   government licenses, repairs, equipment maintenance, or fines arising from the individual's

16   employment where any of the acts described in this paragraph would have violated the law if

17   the individual had not been misclassified."

18       22.    Defendant's misclassification of the workers as independent contractors

19   constitutes willful misclassification in violation of California Labor Code § 226.8. Therefore,

20   Plaintiff seeks recovery of civil penalties in the amounts specified in California Labor Code

21   § 226.8 and/or PAGA, for each aggrieved employee.

22        **Violations of Paid Sick Day Requirements, Labor Code §§ 245-249**

23       23.    Defendant violated California Labor Code § 246 by not having policies and

24   procedures for the workers to accrue and take paid sick days. Because of Defendant's

25   violations of the paid sick day requirements, Defendant is liable for civil penalties in the

26   amounts specified in California Labor Code §§ 248.5, 558, and/or PAGA, for each aggrieved

27   employee.

28        **Failure to Secure Compensation in Violation of Labor Code § 3700** *et seq.*

6

24.     Defendant did not secure workers' compensation for the workers, in violation of California Labor Code §§ 3700, 3700.5, 3712, and 3715. Because of Defendant's violations of those statutes, Defendant is liable for civil penalties in the amounts specified in California Labor Code § 3700.5 and/or PAGA, for each aggrieved employee.

**Failure to Pay Minimum Wages as Required by State Law**

25.     At all relevant times, Defendant has been required to pay the workers minimum wages under California law, including without limitation pursuant to Industrial Welfare Commission Wage Order Nos. 4, 5, 15 and/or 17. Nevertheless, Defendant has failed to ensure that the workers receive the applicable state minimum wage for all hours worked. Accordingly, Defendant has violated California Labor Code §§ 1194, 1197, 1197.1, 1198, 558, and/or the Industrial Welfare Commission Wage Orders (including without limitation Wage Order Nos. 4, 5, 15 and/or 17). Therefore, based on the violations set forth herein, on behalf of herself and the other aggrieved employees, Defendant is liable for civil penalties in the amounts specified in California Labor Code §§ 1194, 1197, 1197.1, 1198, 558, and/or PAGA, for each aggrieved employee.

**Unlawful Failure to Pay Overtime**

26.     Defendant has failed to maintain a policy that compensates the workers for all hours worked, including overtime. The workers routinely work over eight (8) hours per day and/or forty (40) hours per week but are not paid one and one-half their regular rate of pay for overtime work, in violation of California Labor Code §§ 510, 1194, 1198, and/or the Industrial Welfare Commission Wage Orders (including without limitation Wage Order Nos. 4, 5, 15 and/or 17). Accordingly, Defendant is liable for civil penalties in the amounts specified in California Labor Code §§ 510, 1194, 1198, 558, and/or PAGA, for each aggrieved employee.

**Unlawful Failure to Reimburse Expenses**

27.     Defendant has required the workers to bear many of the expenses of their employment, including without limitation expenses for vehicles, gas, parking, phone usage, vehicle wear and tear, vehicle insurance, leashes, bags, containers, cleaning supplies, medical

7

supplies, food/water, and waste disposal. Defendant has failed to indemnify the workers for all necessary expenditures or losses incurred by the workers, in violation of California Labor Code § 2802, which requires the employer to indemnify employees for all necessary expenditures or losses incurred by employees in direct discharge of their duties, and accordingly, Defendant is liable for civil penalties in the amounts specified in California Labor Code §§ 558, 2802, and/or PAGA, for each aggrieved employee.

**Unlawful Failure to Furnish Timely, Accurate, Itemized Wage Statements**

28.    Defendant has failed and continues to fail to provide timely, accurate itemized wage statements to the workers in violation of California Labor Code §§ 226(a)-(e) and/or 226.3. Defendant's failure to provide timely, accurate, itemized wage statements to Plaintiff and other aggrieved employees in accordance with the California Labor Code has been knowing and intentional. Accordingly, Defendant is liable for civil penalties in the amounts specified in California Labor Code §§ 226, 226.3, and/or PAGA, for each aggrieved employee.

**Waiting Time Penalties**

29.    California Labor Code § 201(a) requires an employer who discharges an employee to pay compensation due and owing to said employee upon discharge. California Labor Code § 202(a) requires an employer to pay compensation due and owing within seventy-two (72) hours of an employee's termination of employment by resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer is liable for penalties in the amount of continued wages for up to thirty (30) work days.

30.    Plaintiff and certain of the other aggrieved individuals were not paid full compensation, including unpaid minimum wages and overtime wages as alleged herein, and were not paid that compensation that was due and owing upon discharge and/or within seventy-two (72) hours of the employee's termination of employment by resignation. Thus, Defendant has failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages and compensation in violation of California Labor Code §§ 201,

8

202, and 203. Because of Defendant's violations of California Labor Code §§ 201, 202, and 203, Defendant is liable for civil penalties in the amounts specified in California Labor Code §§ 201, 202, 203, 256, 1197.1, and/or PAGA, for each aggrieved employee.

**Penalties for Failure to Pay All Wages Owed Every Pay Period**

31.    At all times relevant during the liability period, Plaintiff and the other aggrieved individuals were employees of Defendant covered by California Labor Code § 204.

32.    Pursuant to California Labor Code § 204, Plaintiff and the other aggrieved individuals were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

33.    Defendant failed to pay Plaintiff and the other aggrieved individuals all wages earned each pay period. Plaintiff is informed, believes, and thereon alleges, that at all times relevant during the liability period, Defendant maintained a policy or practice of not paying Plaintiff and the other aggrieved individuals all overtime wages owed for all overtime hours worked. That violates Labor Code § 204. Because of Defendant's violations of Labor Code § 204, Defendant is liable for civil penalties in the amounts specified in California Labor Code §§ 204, 210, and/or PAGA, for each aggrieved employee per pay period.

## FIRST CAUSE OF ACTION

**PAGA Claims, California Labor Code § 2698 *et seq.***

**(Against Defendant Rover)**

34.    Plaintiff incorporates all paragraphs of this complaint as if fully set forth herein.

35.    Plaintiff and all other individuals who currently and/or formerly have worked as pet care providers for Defendant are "aggrieved employees" under PAGA. Plaintiff seeks to recover from Defendant, on behalf of herself and all of the other aggrieved employees, civil penalties pursuant to PAGA, plus reasonable attorneys' fees, costs, and expenses.

36.    Plaintiff brings this action under PAGA as a representative suit on behalf of all "aggrieved employees" pursuant to the procedures in PAGA, and seeks to the recover the PAGA civil penalties on a representative basis. Indeed, under PAGA, "[n]otwithstanding any

9

1  other provision of law, any provision of this code that provides for a civil penalty to be

2  assessed and collected by the Labor and Workforce Development Agency or any of its

3  departments, divisions, commissions, boards, agencies, or employees, for a violation of this

4  code, may, as an alternative, be recovered through a civil action brought by an aggrieved

5  employee on behalf of himself or herself and other current or former employees pursuant to

6  the procedures specified in Section 2699.3." California Labor Code § 2699(a).

7      37.    PAGA also provides: "For all provisions of this code except those for which a

8  civil penalty is specifically provided, there is established a civil penalty for a violation of

9  these provisions, as follows: (1) If, at the time of the alleged violation, the person does not

10  employ one or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the

11  time of the alleged violation, the person employs one or more employees, the civil penalty is

12  one hundred dollars ($100) for each aggrieved employee per pay period for the initial

13  violation and two hundred dollars ($200) for each aggrieved employee per pay period for each

14  subsequent violation." California Labor Code § 2699(f)(1)-(2).

15      38.    PAGA also provides:  "Any employee who prevails in any action shall be

16  entitled to an award of reasonable attorney's fees and costs." California Labor Code

17  § 2699(g)(1).

18      39.    Plaintiff has satisfied the pre-filing notice and exhaustion of administrative

19  remedies requirement under PAGA.

20      40.    Defendant has, through its policies and practices described herein, violated

21  several provisions of the California Labor Code for which Plaintiff seeks recovery of civil

22  penalties, as specified herein.

23      41.    WHEREFORE, pursuant to PAGA, Plaintiff seeks civil penalties, attorneys'

24  fees, expenses, and costs, and any further relief that the Court deems appropriate.

### SECOND CAUSE OF ACTION

### Failure to Pay Minimum Wages as Required by State Law

### (Against Defendant Maloney)

28      42.    Plaintiff incorporates all paragraphs of this complaint as if fully set forth

10

1  herein.

2      43.    At all relevant times, Defendant Maloney (referred to in the second through

3  seventh causes of actions as "Defendant") has been required to pay Plaintiff minimum wages

4  under California law, including without limitation pursuant to the Industrial Welfare

5  Commission ("IWC") Wage Orders, but has not done so. Defendant has willfully failed to pay

6  Plaintiff any wages whatsoever. By failing to compensate Plaintiff for all hours worked,

7  Defendant has violated the Industrial Welfare Commission Wage Orders and/or California

8  Labor Code §§ 1182.12, 1194, 1194.2, 1194.5, 1197, 1197.1, and 1198. Therefore, Plaintiff

9  seeks unpaid wages at the required legal rate, liquidated damages, interest, attorneys' fees and

10  costs, and all other costs and penalties allowed by law. Plaintiff further seeks injunctive relief

11  to compel Defendant to recognize Plaintiff's employee status, and to provide all payment

12  guaranteed by law.

13                      **THIRD CAUSE OF ACTION**

14                 **Unlawful Failure to Pay Overtime**

15                 **(Against Defendant Maloney)**

16      44.    Plaintiff incorporates all paragraphs of this complaint as if fully set forth

17  herein.

18      45.    At all times relevant times, the IWC Wage Orders have required the payment

19  of an overtime premium for hours worked in excess of 8 hours in a workday, 40 hours in a

20  workweek, or on the seventh day worked in a single workweek. During the relevant time

21  period, Plaintiff was employed by Defendant within California but as not paid overtime wages

22  for overtime hours worked. Defendant's failure to pay overtime wages violates, inter alia,

23  California Labor Code §§ 510, 1194, and 1198, and the above-referenced Wage Orders.

24  Therefore, Plaintiff seeks unpaid overtime wages at the required legal rate, liquidated

25  damages, interest, attorneys' fees and costs, and all other costs and penalties allowed by law.

26  Plaintiff further seeks injunctive relief to compel Defendant to recognize Plaintiff's employee

27  status, and to provide all payment guaranteed by law.

28                    **FOURTH CAUSE OF ACTION**

11

**Unlawful Failure to Reimburse Expenses**

**(Against Defendant Maloney)**

46.     Plaintiff incorporates all paragraphs of this complaint as if fully set forth herein.

47.     Defendant has required Plaintiff to bear many of the expenses of employment, including without limitation expenses for vehicles, gas, parking, phone usage, vehicle wear and tear, vehicle insurance, leashes, bags, containers, cleaning supplies, medical supplies, food/water, and waste disposal. Defendant has failed to indemnify the workers for all necessary expenditures or losses incurred by Plaintiff, in violation of California Labor Code § 2802, which requires the employer to indemnify employees for all necessary expenditures or losses incurred by employees in direct discharge of their duties, and accordingly, Defendant is liable for reimbursement for all unreimbursed expenses.

## FIFTH CAUSE OF ACTION

**Unlawful Failure to Furnish Timely, Accurate, Itemized Wage Statements**

**(Against Defendant Maloney)**

48.     Plaintiff incorporates all paragraphs of this complaint as if fully set forth herein.

49.     Defendant has failed, and continues to fail, to provide timely, accurate itemized wage statements to Plaintiff in accordance with California Labor Code § 226 and the IWC Wage Orders. Any statements that Defendant has provided do not accurately reflect the actual hours worked and/or wages earned. Defendant's failure to provide timely, accurate, itemized wage statements to Plaintiff in accordance with the California Labor Code and the California Wage Orders has been knowing and intentional. Accordingly, Defendant is liable for damages, penalties, and attorneys' fees and costs under Labor Code § 226(a)-(e), as well as for penalties under 226.3

## SIXTH CAUSE OF ACTION

**Waiting Time Penalties**

**(Against Defendant Maloney)**

12

1        50.      Plaintiff incorporates all paragraphs of this complaint as if fully set forth

2 herein.

3        51.      Defendant has not paid full compensation, including overtime, for all hours

4 worked, as alleged above, and has not paid that compensation that was due and owing upon a

5 worker's discharge and/or within seventy-two (72) hours of the worker's termination of

6 employment by resignation. Thus, Defendant has failed and refused, and continues to willfully

7 fail and refuse, to timely pay compensation and wages and compensation in violation of

8 California Labor Code §§ 201, 202, and 203. Workers who have been discharged and/or have

9 resigned are entitled to unpaid compensation for all hours worked in the form of unpaid

10 overtime for which to date they have not received compensation. Thus, Defendant is liable for

11 up to thirty (30) days of waiting time penalties pursuant to California Labor Code §§ 203

12 and/or 256 after each discharge or resignation.

### SEVENTH CAUSE OF ACTION

### San Francisco Minimum Wage Ordinance

### (Against Defendant Maloney)

        52.      Plaintiff incorporates all paragraphs of this complaint as if fully set forth

17 herein.

18        53.      By failing to compensate for all hours worked, Defendant has violated the San

19 Francisco minimum wage ordinance. Plaintiff seeks all relief available under such ordinance,

20 including without limitation the full amount of wages owed, including interest thereon, plus

21 penalties as well as reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

23      WHEREFORE, Plaintiff prays for relief against Defendant Rover as follows, including

24 without limitation:

25      a) Civil penalties, including the amounts of unpaid wages, unpaid overtime, unpaid

26          expenses, liquidated damages, and all other sums of money owed, pursuant to

27          PAGA;

28      b) To the extent permitted by PAGA, reasonable attorneys' fees, expenses, and costs

COMPLAINT FOR CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL
ACT OF 2004 ("PAGA") ETC. – *Miller v. A Place for Rover, Inc. d/b/a Rover et al.*

as specified under California Labor Code §§ 218.5 and 226, California Code of Civil Procedure §§ 1021.5 and 1033.5, PAGA, and/or other applicable law;

c) To the extent permitted by PAGA, pre-judgment and post-judgment interest;

d) To the extent permitted by PAGA, for preliminary, permanent, and mandatory injunctive relief prohibiting Defendants and their officers and agents from committing the violations of law herein alleged in the future; and

e) Any further relief that the Court deems just and proper;

AND WHEREFORE, Plaintiff prays for relief against Defendant Maloney as follows, including without limitation:

a) For an order awarding Plaintiff compensatory damages and statutory damages, including unpaid wages, overtime compensation, liquidated damages, and all other sums of money owed, together with interest on these amounts;

b) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant and its officers and agents from committing the violations of law herein alleged in the future;

c) For a declaratory judgment that Defendant has violated the law and public policy as alleged herein;

d) For an order imposing all statutory and/or civil penalties provided by law, excluding any penalties under PAGA;

e) For exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

f) Disgorgement of profits;

g) For an order awarding restitution of the unpaid regular, overtime, premium wages due to Plaintiff, and/or all unreimbursed expenses;

h) For pre- and post-judgment interest;

i) For an award of reasonable attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226(e), 1194, 2802, 2810, California Code of Civil Procedure §§ 1021.5 and 1033.5, and/or other applicable law;

14

1    j)  For all costs of suit; and

2    k)  Any further relief that the Court deems just and proper.

3    DATED:  November 20, 2018                    Respectfully submitted,

4                                                 THE TIDRICK LAW FIRM

5
                                           By:
6

7                                                 STEVEN G. TIDRICK, SBN 224760
                                                  JOEL B. YOUNG, SBN 236662
8
                                                  THE TIDRICK LAW FIRM
9                                                 STEVEN G. TIDRICK, SBN 224760
                                                  JOEL B. YOUNG, SBN 236662
10                                                1300 Clay Street, Suite 600
                                                  Oakland, California  94612
11                                                Telephone:     (510) 788-5100
                                                  Facsimile:     (510) 291-3226
12                                                E-mail:        sgt@tidricklaw.com
                                                  E-mail:        jby@tidricklaw.com
13
                                                  Attorneys for Individual and Representative
14                                                Plaintiff ERIKA MILLER

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            15
COMPLAINT FOR CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL
ACT OF 2004 ("PAGA") ETC. – *Miller v. A Place for Rover, Inc. d/b/a Rover et al.*

# EXHIBIT C



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

A PLACE FOR ROVER, INC. d/b/a Rover; JANICE MALONEY; and
DOES 1-20,000,000

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Erika Miller

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civic Center Courthouse<br>Superior Court of the State of California, County of San Francisco<br>400 McAllister Street, San Francisco, California 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-18-571480 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven G. Tidrick, Esq., The Tidrick Law Firm, 1300 Clay St., Suite 600, Oakland, CA 94612; 510-788-5100

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* NOV 2 0 2018 | CLERK OF THE COURT<br>*(Secretario)* KALENE APOLONIO | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  THE TIDRICK LAW FIRM
   STEVEN G. TIDRICK, SBN 224760
2  JOEL B. YOUNG, SBN 236662
   1300 Clay Street, Suite 600
3  Oakland, California 94612
   Telephone: (510) 788-5100
4  Facsimile: (510) 291-3226
   E-mail:    sgt@tidricklaw.com
5  E-mail:    jby@tidricklaw.com

6  Attorneys for Individual and Representative
   Plaintiff ERIKA MILLER

7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                      COUNTY OF SAN FRANCISCO
9
                        UNLIMITED JURISDICTION
10

11 ERIKA MILLER,                        | Civil Case No. CGC-18-571480

12          Plaintiff,                   | PRIVATE ATTORNEYS GENERAL ACT
                                         | REPRESENTATIVE ACTION
13     v.
                                         | **AMENDED COMPLAINT FOR CIVIL**
14 A PLACE FOR ROVER, INC. d/b/a Rover;  | **PENALTIES UNDER THE LABOR CODE**
   JANICE MALONEY; and DOES 1-           | **PRIVATE ATTORNEYS GENERAL ACT**
15 20,000,000,                           | **OF 2004 ("PAGA") ETC.**

16          Defendants.

17

18

19

20        Plaintiff ERIKA MILLER ("Plaintiff"), prosecuting this action against A Place for

21 Rover, Inc. d/b/a Rover exclusively as a representative action under the Private Attorneys

22 General Act of 2004, California Labor Code § 2698 *et seq*. ("PAGA"), alleges as follows:

23                           **<u>NATURE OF THE CASE</u>**

24        1.    Plaintiff brings this civil action against A Place for Rover, Inc. d/b/a Rover

25 ("Rover") and Rover's customer Defendant Janice Maloney ("Maloney") (collectively with

26 Rover, "Defendants") under PAGA on behalf of Plaintiff and others who have worked for

27 either or both Defendants as pet care providers, to recover civil penalties for Defendants'

28 violations of law, pursuant to PAGA. Plaintiff and the other "aggrieved employees" have been

1

ELECTRONICALLY
FILED
Superior Court of California,
County of San Francisco
12/12/2018
Clerk of the Court
BY:DAVID YUEN
Deputy Clerk

1  denied fundamental rights under California wage and hour laws in a similar and uniform way.

2  Defendants have misclassified the workers as independent contractors. Defendants have failed

3  to pay the workers the minimum wages, overtime wages, expense reimbursements, and other

4  benefits to which they are entitled under California law. Therefore, Plaintiff brings this action

5  to enforce California law. "The purpose of the PAGA is . . . to create a means of "deputizing"

6  citizens as private attorneys general to enforce the Labor Code." *Brown v. Ralphs Grocery*

7  *Co.*, 197 Cal. App. 4th 489, 501 (2011). To the extent permitted by PAGA, Plaintiff seeks an

8  award of civil penalties, including in the amounts of the unpaid wages, unpaid overtime

9  compensation, unpaid expenses, liquidated damages, interest, and all other sums of civil

10  penalties/money owed pursuant to PAGA, and attorneys' fees, costs, and expenses under

11  California Labor Code §§ 218.5 and 226, California Code of Civil Procedure §§ 1021.5 and

12  1033.5, PAGA, and/or other applicable law.

13       2.     In this complaint, while Plaintiff alleges PAGA claims against Rover's

14  customer Janice Maloney, Plaintiff does not presently allege any PAGA claims against any of

15  the Doe Defendants that are Rover's customers, notwithstanding any statements herein that

16  might otherwise be construed to the contrary.

17                          **JURISDICTION AND VENUE**

18       3.     This Court has jurisdiction over Plaintiff's claims against Rover for civil

19  penalties under PAGA, and also has jurisdiction over all other claims alleged herein.

20       4.     The Court has personal jurisdiction over Defendant A Place for Rover, Inc.

21  d/b/a Rover pursuant to California Code of Civil Procedure § 410.10 because it is doing

22  business in California, has committed acts and/or omissions in California with respect to a

23  cause of action arising from these acts or omissions, and/or has caused effects in California

24  with respect to a cause of action arising from these acts and/or omissions.

25       5.     The Court has personal jurisdiction over Defendant Janice Maloney because

26  she is a resident of California, has committed acts and/or omissions in California with respect

27  to a cause of action arising from these acts or omissions, and/or has caused effects in

28  California with respect to a cause of action arising from these acts and/or omissions.

2

6.     The monetary relief sought is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

7.     Venue is proper in this county in accordance with California Code of Civil Procedure §§ 395 and 395.5 because alleged activities and injuries took place in this county.

## PARTIES

8.     Plaintiff has worked in California as a pet care provider for Defendants.

9.     Defendant A Place for Rover, Inc. d/b/a Rover ("Rover") does business in California. Defendant is a "person" within the meaning of California Civil Code § 1786.2(a).

10.     Defendant Janice Maloney ("Maloney") is a resident of San Francisco, California. She is a "person" within the meaning of California Civil Code § 1786.2(a).

11.     The true names and capacities of each of the Defendants designated herein as DOES, including without limitation Rover's customers/labor contractors, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names are sued by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as a DOE defendant is legally responsible in some manner for the events and happenings herein alleged and in such manner proximately caused damages as herein alleged.

12.     Plaintiff is informed and believes and thereon alleges that each Defendant designated as a DOE defendant was acting as the agent, employee, partner, client, consumer, patron, service subscriber, purchaser, and/or servant of one or more of the other Defendants and was acting within the course and scope of such relationship(s), and/or as an employer or joint employer, and gave consent to, ratified, and/or authorized the acts alleged herein.

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

13.     On June 11, 2018, Plaintiff gave written notice by certified mail to Defendant Rover of Defendant Rover's violations of the California Labor Code as later alleged in the initial complaint in this action, filed on November 20, 2018, and on June 11, 2018, Plaintiff filed the same notice with the State of California's Labor Workforce Development Agency

3

("LWDA"). The LWDA did not provide written notice of its intention to investigate

Defendant Rover's alleged violations within sixty-five (65) calendar days of the postmark

date, before Plaintiff filed this action in the Superior Court of the State of California.

14.     On October 1, 2018, Plaintiff gave written notice by certified mail to

Defendants Rover and Maloney of their violations of the California Labor Code as alleged in

this complaint, and filed the same with the State of California's Labor Workforce

Development Agency ("LWDA"). The LWDA did not provide written notice of its intention

to investigate Defendants' alleged violations within sixty-five (65) calendar days of the

postmark date, before Plaintiff filed this action in the Superior Court of the State of California.

## GENERAL ALLEGATIONS

15.     Although Defendants have classified Plaintiff and others in the same job

position as "independent contractors," they are actually employees. The workers are not free

from the control and direction of Defendants in the performance of their work. Rather,

Defendants control and direct their work. Moreover, the workers perform work that is within

the usual course of business of one or more of the Defendants. Finally, the workers are not

customarily engaged in an independently established trade, occupation, or business. The

workers incur no opportunity for "profit" or "loss"; rather, one or more of the Defendants

manage the business operation, attract investors and customers, advertise, and obtain

customers. The workers' investment is minor when compared to any of the Defendants'

investments. The workers have made no capital investment in any of the Defendants'

facilities, advertising, maintenance, staffing, or electronic systems. One or more Defendants

provide investment and risk capital. The workers do not. But for Defendants' investments, the

workers would earn little or nothing from their relatively minor expenditures. The workers do

no exercise the skills and initiative of persons in business for themselves. The workers do not

exercise business sills and initiative necessary to elevate their status to that of independent

contractors. The workers own no enterprise. They exercise no business management skills.

They maintain no separate business structures or facilities. The workers do not hire or

subcontract other individuals to provide additional services to customers and increase their

4

AMENDED COMPLAINT FOR CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS
GENERAL ACT OF 2004 ("PAGA") ETC. – *Miller v. A Place for Rover, Inc. d/b/a Rover et al.*

1  revenues, as independent contractors in business for themselves would.

2      16.   In addition, Defendants have willfully misclassified the workers as

3  "independent contractors," violated sick day requirements, failed to secure workers'

4  compensation, failed to pay minimum wages, failed to pay overtime, failed to reimburse

5  expenses, failed to furnish timely, accurate, itemized wage statements, failed to pay

6  compensation that was due and owing upon discharge, and failed to pay all wages owed every

7  pay period.

8      17.   The violations described above and herein are and have been part of an

9  unlawful pattern and practice of Defendant Rover. Plaintiff's claims are typical of the claims

10  of the others whom Plaintiff seeks to represent. Defendant Rover's common course of conduct

11  in violation of law as alleged herein has caused Plaintiff and the other aggrieved individuals to

12  sustain the same or similar injuries and damages. Plaintiff's claims are representative of and

13  co-extensive with the claims of the other individuals currently and formerly employed by

14  Defendant Rover within the applicable statute of limitations periods.

15                              **JOINT LIABILITY**

16      18.   At all relevant times, under the California Labor Code, Defendants (including

17  without limitation Doe Defendants) have been employers and/or joint employers of Plaintiff.

18  The employment of Plaintiff and the other workers by Rover is not completely disassociated

19  from employment by Rover's customers/labor contractors. The Defendants do not act entirely

20  independently of each other and are not completely dissociated with respect to the

21  employment of Plaintiff and the other workers. Rover maintains significant control over the

22  work performed by the workers. Rover plays significant roles in establishing, maintaining,

23  and directing the work-related policies that have been applied to Plaintiff and the other

24  workers. Rover benefits financially from the work that Plaintiff and the other workers

25  perform. Additionally, Defendants have acted directly or indirectly in their joint interests in

26  relation to supervision over, and control of, Plaintiff and the other workers. As employers

27  and/or joint employers of Plaintiff and the other workers, Defendants are responsible both

28  individually and jointly for compliance with all applicable provisions of the California Labor

5

Code.

19.     Pursuant to California Labor Code § 2810.3, Rover shares with the labor contractors (*i.e.*, Rover's customers/labor contractors) all civil legal responsibility and civil liability for both of the following: (1) the payment of wages; and (2) failure to secure valid workers' compensation coverage as required by Section 3700. This complaint identifies numerous violations of law relating to those two categories of shared responsibility and liability set forth in 2810.3(b). Accordingly, to the extent that the customers/labor contractors have civil legal responsibility and civil liability for the violations of law cited in this complaint, Rover shares in that responsibility and liability, and accordingly, Plaintiff seeks to recover monies from Rover (including without limitation pursuant to the statutes cited herein).

20.     Plaintiff provided notice, pursuant to California Labor Code § 2810.3(d), of the violations under California Labor Code § 2810.3(b), by letter to Defendants dated October 1, 2018.

## VIOLATIONS OF THE CALIFORNIA LABOR CODE

### Willful Misclassification

21.     California Labor Code 226.8(a) provides: "It is unlawful for any person or employer to engage in any of the following activities: (1) Willful misclassification of an individual as an independent contractor. (2) Charging an individual who has been willfully misclassified as an independent contractor a fee, or making any deductions from compensation, for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines arising from the individual's employment where any of the acts described in this paragraph would have violated the law if the individual had not been misclassified."

22.     Defendants' misclassification of the workers as independent contractors constitutes willful misclassification in violation of California Labor Code § 226.8. Therefore, Plaintiff seeks recovery of civil penalties in the amounts specified in California Labor Code § 226.8 and/or PAGA, for each aggrieved employee.

### Violations of Paid Sick Day Requirements, Labor Code §§ 245-249

6

23. Defendants violated California Labor Code § 246 by not having policies and procedures for the workers to accrue and take paid sick days. Because of Defendants' violations of the paid sick day requirements, Defendants are liable for civil penalties in the amounts specified in California Labor Code §§ 248.5, 558, and/or PAGA, for each aggrieved employee.

**Failure to Secure Compensation in Violation of Labor Code § 3700 *et seq.***

24. Defendants did not secure workers' compensation for the workers, in violation of California Labor Code §§ 3700, 3700.5, 3712, and 3715. Because of Defendants' violations of those statutes, Defendants are liable for civil penalties in the amounts specified in California Labor Code § 3700.5 and/or PAGA, for each aggrieved employee.

**Failure to Pay Minimum Wages as Required by State Law**

25. At all relevant times, Defendants have been required to pay the workers minimum wages under California law, including without limitation pursuant to Industrial Welfare Commission Wage Order Nos. 4, 5, 15 and/or 17. Nevertheless, Defendants have failed to ensure that the workers receive the applicable state minimum wage for all hours worked. Accordingly, Defendants have violated California Labor Code §§ 1194, 1197, 1197.1, 1198, 558, and/or the Industrial Welfare Commission Wage Orders (including without limitation Wage Order Nos. 4, 5, 15 and/or 17). Therefore, based on the violations set forth herein, on behalf of herself and the other aggrieved employees, Defendants are liable for civil penalties in the amounts specified in California Labor Code §§ 1194, 1197, 1197.1, 1198, 558, and/or PAGA, for each aggrieved employee.

**Unlawful Failure to Pay Overtime**

26. Defendants have failed to maintain a policy that compensates the workers for all hours worked, including overtime. The workers routinely work over eight (8) hours per day and/or forty (40) hours per week but are not paid one and one-half their regular rate of pay for overtime work, in violation of California Labor Code §§ 510, 1194, 1198, and/or the Industrial Welfare Commission Wage Orders (including without limitation Wage Order Nos. 4, 5, 15 and/or 17). Accordingly, Defendants are liable for civil penalties in the amounts

7

specified in California Labor Code §§ 510, 1194, 1198, 558, and/or PAGA, for each

aggrieved employee.

**Unlawful Failure to Reimburse Expenses**

27.     Defendants have required the workers to bear many of the expenses of their

employment, including without limitation expenses for vehicles, gas, parking, phone usage,

vehicle wear and tear, vehicle insurance, leashes, bags, containers, cleaning supplies, medical

supplies, food/water, and waste disposal. Defendants have failed to indemnify the workers for

all necessary expenditures or losses incurred by the workers, in violation of California Labor

Code § 2802, which requires the employer to indemnify employees for all necessary

expenditures or losses incurred by employees in direct discharge of their duties, and

accordingly, Defendants are liable for civil penalties in the amounts specified in California

Labor Code §§ 558, 2802, and/or PAGA, for each aggrieved employee.

**Unlawful Failure to Furnish Timely, Accurate, Itemized Wage Statements**

28.     Defendants have failed and continues to fail to provide timely, accurate

itemized wage statements to the workers in violation of California Labor Code §§ 226(a)-(e)

and/or 226.3. Defendants' failure to provide timely, accurate, itemized wage statements to

Plaintiff and other aggrieved employees in accordance with the California Labor Code has

been knowing and intentional. Accordingly, Defendants are liable for civil penalties in the

amounts specified in California Labor Code §§ 226, 226.3, and/or PAGA, for each aggrieved

employee.

**Waiting Time Penalties**

29.     California Labor Code § 201(a) requires an employer who discharges an

employee to pay compensation due and owing to said employee upon discharge. California

Labor Code § 202(a) requires an employer to pay compensation due and owing within

seventy-two (72) hours of an employee's termination of employment by resignation.

California Labor Code § 203 provides that if an employer willfully fails to pay compensation

promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer

is liable for penalties in the amount of continued wages for up to thirty (30) work days.

8

30.     Plaintiff and certain of the other aggrieved individuals were not paid full compensation, including unpaid minimum wages and overtime wages as alleged herein, and were not paid that compensation that was due and owing upon discharge and/or within seventy-two (72) hours of the employee's termination of employment by resignation. Thus, Defendants have failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages and compensation in violation of California Labor Code §§ 201, 202, and 203. Because of Defendants' violations of California Labor Code §§ 201, 202, and 203, Defendants are liable for civil penalties in the amounts specified in California Labor Code §§ 201, 202, 203, 256, 1197.1, and/or PAGA, for each aggrieved employee.

**Penalties for Failure to Pay All Wages Owed Every Pay Period**

31.     At all times relevant during the liability period, Plaintiff and the other aggrieved individuals were employees of Defendants covered by California Labor Code § 204.

32.     Pursuant to California Labor Code § 204, Plaintiff and the other aggrieved individuals were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

33.     Defendants failed to pay Plaintiff and the other aggrieved individuals all wages earned each pay period. Plaintiff is informed, believes, and thereon alleges, that at all times relevant during the liability period, Defendants maintained a policy or practice of not paying Plaintiff and the other aggrieved individuals all overtime wages owed for all overtime hours worked. That violates Labor Code § 204. Because of Defendants' violations of Labor Code § 204, Defendants are liable for civil penalties in the amounts specified in California Labor Code §§ 204, 210, and/or PAGA, for each aggrieved employee per pay period.

**Violations of Labor Code § 2810**

34.     Defendant Rover has violated California Labor Code § 2810 and/or § 2810.3 by entering into one or more contracts or agreements for labor or services with customers where Rover knows or should know that the contracts or agreements do not include funds sufficient to allow the customer to comply with all applicable local, state, and federal laws or

9

1    regulations governing the labor or services to be provided by the workers (including without

2    limitation the numerous laws and regulations cited in this complaint, and the minimum wage

3    ordinances of the localities in which the workers perform their work, including without

4    limitation the minimum wage ordinances of Belmont, Berkeley, Cupertino, El Cerrito,

5    Emeryville, Los Altos, Los Angeles, Los Angeles County, Malibu, Mountain View, Oakland,

6    Palo Alto, Pasadena, Redwood City, Richmond, San Diego, San Francisco, San Jose, San

7    Leandro, San Mateo, Santa Clara, Santa Monica, and Sunnyvale). As used in California Labor

8    Code § 2810, "farm labor" is to be construed with the broadest reasonable meaning.

9         35.    The above-referenced knowledge has arisen from familiarity with the normal

10   facts and circumstances of the business activity engaged in (*i.e.*, pet care), that the contracts or

11   agreements have not included funds sufficient to allow the customers to comply with

12   applicable laws. They have had knowledge of sufficient facts or information that would make

13   a reasonably prudent person undertake to inquire whether, taken together, the contracts or

14   agreements contained sufficient funds to allow the contractors to comply with applicable laws.

15   Moreover, pursuant to California Labor Code § 2810, their failure to request or obtain

16   information from the customers that was required by any applicable statute or by the contracts

17   or agreements between them, constitutes knowledge of that information.

18        36.    Plaintiff and the other aggrieved employees were injured as a result of the

19   violations of the labor laws and/or regulations cited herein in connection with the performance

20   of the contracts or agreements, to the extent that they have not received wages,

21   reimbursements, and/or other monies to which they have been legally entitled.

22        37.    Accordingly, pursuant to California Labor Code §§ 2810(g), Plaintiff seeks to

23   recover, on behalf of herself and the other aggrieved employees, the greater of the actual

24   damages or two hundred fifty dollars ($250) per employee per violation for an initial violation

25   and one thousand dollars ($1,000) per employee for each subsequent violation, and will seek

26   recovery of costs and reasonable attorney's fees, and intends to seek preliminary, permanent,

27   and/or mandatory injunctive relief prohibiting Rover and Rover's customers and their officers

28   and agents from committing the violations of law herein alleged in the future.

10

38.     Moreover, because of Rover's violations, Rover is liable for civil penalties under California Labor Code § 2699(f)(1)-(2) for each aggrieved employee per pay period.

39.     Therefore, Plaintiff seeks recovery of any and all penalties available, including without limitation the penalties specified herein in the amounts specified in California Labor Code § 2810 and/or PAGA, for each aggrieved employee.

## FIRST CAUSE OF ACTION

### PAGA Claims, California Labor Code § 2698 *et seq.*

### (Against Defendant Rover and Defendant Maloney)

40.     Plaintiff incorporates all paragraphs of this complaint as if fully set forth herein.

41.     Plaintiff and all other individuals who currently and/or formerly have worked as pet care providers for Defendants are "aggrieved employees" under PAGA. Plaintiff seeks to recover from Defendants, on behalf of herself and all of the other aggrieved employees, civil penalties pursuant to PAGA, plus reasonable attorneys' fees, costs, and expenses.

42.     Plaintiff brings this action under PAGA as a representative suit on behalf of all "aggrieved employees" pursuant to the procedures in PAGA, and seeks to the recover the PAGA civil penalties on a representative basis. Indeed, under PAGA, "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." California Labor Code § 2699(a).

43.     PAGA also provides: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is

11

1   one hundred dollars ($100) for each aggrieved employee per pay period for the initial

2   violation and two hundred dollars ($200) for each aggrieved employee per pay period for each

3   subsequent violation." California Labor Code § 2699(f)(1)-(2).

4       44.   PAGA also provides: "Any employee who prevails in any action shall be

5   entitled to an award of reasonable attorney's fees and costs." California Labor Code

6   § 2699(g)(1).

7       45.   Plaintiff has satisfied the pre-filing notice and exhaustion of administrative

8   remedies requirement under PAGA.

9       46.   Defendants have, through their policies and practices described herein, violated

10  several provisions of the California Labor Code for which Plaintiff seeks recovery of civil

11  penalties, as specified herein.

12      47.   WHEREFORE, pursuant to PAGA, Plaintiff seeks civil penalties, attorneys'

13  fees, expenses, and costs, and any further relief that the Court deems appropriate.

14                      **SECOND CAUSE OF ACTION**

15           **Failure to Pay Minimum Wages as Required by State Law**

16                      **(Against Defendant Maloney)**

17      48.   Plaintiff incorporates all paragraphs of this complaint as if fully set forth

18  herein.

19      49.   At all relevant times, Defendant Maloney (referred to in the second through

20  seventh causes of actions as "Defendant") has been required to pay Plaintiff minimum wages

21  under California law, including without limitation pursuant to the Industrial Welfare

22  Commission ("IWC") Wage Orders, but has not done so. Defendant has willfully failed to pay

23  Plaintiff any wages whatsoever. By failing to compensate Plaintiff for all hours worked,

24  Defendant has violated the Industrial Welfare Commission Wage Orders and/or California

25  Labor Code §§ 1182.12, 1194, 1194.2, 1194.5, 1197, 1197.1, and 1198. Therefore, Plaintiff

26  seeks unpaid wages at the required legal rate, liquidated damages, interest, attorneys' fees and

27  costs, and all other costs and penalties allowed by law. Plaintiff further seeks injunctive relief

28  to compel Defendant to recognize Plaintiff's employee status, and to provide all payment

12

1  guaranteed by law.

2                        **THIRD CAUSE OF ACTION**

3                    **Unlawful Failure to Pay Overtime**

4                       **(Against Defendant Maloney)**

5       50.    Plaintiff incorporates all paragraphs of this complaint as if fully set forth

6  herein.

7       51.    At all times relevant times, the IWC Wage Orders have required the payment

8  of an overtime premium for hours worked in excess of 8 hours in a workday, 40 hours in a

9  workweek, or on the seventh day worked in a single workweek. During the relevant time

10  period, Plaintiff was employed by Defendant within California but as not paid overtime wages

11  for overtime hours worked. Defendant's failure to pay overtime wages violates, inter alia,

12  California Labor Code §§ 510, 1194, and 1198, and the above-referenced Wage Orders.

13  Therefore, Plaintiff seeks unpaid overtime wages at the required legal rate, liquidated

14  damages, interest, attorneys' fees and costs, and all other costs and penalties allowed by law.

15  Plaintiff further seeks injunctive relief to compel Defendant to recognize Plaintiff's employee

16  status, and to provide all payment guaranteed by law.

17                       **FOURTH CAUSE OF ACTION**

18                 **Unlawful Failure to Reimburse Expenses**

19                       **(Against Defendant Maloney)**

20       52.    Plaintiff incorporates all paragraphs of this complaint as if fully set forth

21  herein.

22       53.    Defendant has required Plaintiff to bear many of the expenses of employment,

23  including without limitation expenses for vehicles, gas, parking, phone usage, vehicle wear

24  and tear, vehicle insurance, leashes, bags, containers, cleaning supplies, medical supplies,

25  food/water, and waste disposal. Defendant has failed to indemnify the workers for all

26  necessary expenditures or losses incurred by Plaintiff, in violation of California Labor Code

27  § 2802, which requires the employer to indemnify employees for all necessary expenditures or

28  losses incurred by employees in direct discharge of their duties, and accordingly, Defendant is

                                         13

liable for reimbursement for all unreimbursed expenses.

## FIFTH CAUSE OF ACTION

### Unlawful Failure to Furnish Timely, Accurate, Itemized Wage Statements

### (Against Defendant Maloney)

54.     Plaintiff incorporates all paragraphs of this complaint as if fully set forth herein.

55.     Defendant has failed, and continues to fail, to provide timely, accurate itemized wage statements to Plaintiff in accordance with California Labor Code § 226 and the IWC Wage Orders. Any statements that Defendant has provided do not accurately reflect the actual hours worked and/or wages earned. Defendant's failure to provide timely, accurate, itemized wage statements to Plaintiff in accordance with the California Labor Code and the California Wage Orders has been knowing and intentional. Accordingly, Defendant is liable for damages, penalties, and attorneys' fees and costs under Labor Code § 226(a)-(e), as well as for penalties under 226.3

## SIXTH CAUSE OF ACTION

### Waiting Time Penalties

### (Against Defendant Maloney)

56.     Plaintiff incorporates all paragraphs of this complaint as if fully set forth herein.

57.     Defendant has not paid full compensation, including overtime, for all hours worked, as alleged above, and has not paid that compensation that was due and owing upon a worker's discharge and/or within seventy-two (72) hours of the worker's termination of employment by resignation. Thus, Defendant has failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages and compensation in violation of California Labor Code §§ 201, 202, and 203. Workers who have been discharged and/or have resigned are entitled to unpaid compensation for all hours worked in the form of unpaid overtime for which to date they have not received compensation. Thus, Defendant is liable for up to thirty (30) days of waiting time penalties pursuant to California Labor Code §§ 203

14

1   and/or 256 after each discharge or resignation.

2                       **SEVENTH CAUSE OF ACTION**

3                    **San Francisco Minimum Wage Ordinance**

4                        **(Against Defendant Maloney)**

5          58.    Plaintiff incorporates all paragraphs of this complaint as if fully set forth

6   herein.

7          59.    By failing to compensate for all hours worked, Defendant has violated the San

8   Francisco minimum wage ordinance. Plaintiff seeks all relief available under such ordinance,

9   including without limitation the full amount of wages owed, including interest thereon, plus

10  penalties as well as reasonable attorneys' fees and costs.

11                         **PRAYER FOR RELIEF**

12         WHEREFORE, Plaintiff prays for relief against Defendants Rover and Maloney as

13  follows, including without limitation:

14         a)   Civil penalties, including the amounts of unpaid wages, unpaid overtime, unpaid

15              expenses, liquidated damages, and all other sums of money owed, pursuant to

16              PAGA;

17         b)   To the extent permitted by PAGA, reasonable attorneys' fees, expenses, and costs

18              as specified under California Labor Code §§ 218.5 and 226, California Code of

19              Civil Procedure §§ 1021.5 and 1033.5, PAGA, and/or other applicable law;

20         c)   To the extent permitted by PAGA, pre-judgment and post-judgment interest;

21         d)   To the extent permitted by PAGA, for preliminary, permanent, and mandatory

22              injunctive relief prohibiting Defendants and their officers and agents from

23              committing the violations of law herein alleged in the future; and

24         e)   Any further relief that the Court deems just and proper;

25         AND WHEREFORE, Plaintiff prays for relief against Defendant Maloney as follows,

26  including without limitation:

27

28
                                            15

a) For an order awarding Plaintiff compensatory damages and statutory damages, including unpaid wages, overtime compensation, liquidated damages, and all other sums of money owed, together with interest on these amounts;

b) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant and its officers and agents from committing the violations of law herein alleged in the future;

c) For a declaratory judgment that Defendant has violated the law and public policy as alleged herein;

d) For an order imposing all statutory and/or civil penalties provided by law, excluding any penalties under PAGA;

e) For exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

f) Disgorgement of profits;

g) For an order awarding restitution of the unpaid regular, overtime, premium wages due to Plaintiff, and/or all unreimbursed expenses;

h) For pre- and post-judgment interest;

i) For an award of reasonable attorneys' fees and costs as provided by California Labor Code §§ 218.5, 226(e), 1194, 2802, 2810, California Code of Civil Procedure §§ 1021.5 and 1033.5, and/or other applicable law;

j) For all costs of suit; and

k) Any further relief that the Court deems just and proper.

//
//
//
//
//
//
//

16

DATED:  December 12, 2018

Respectfully submitted,

THE TIDRICK LAW FIRM

By:

STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662

THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California  94612
Telephone:      (510) 788-5100
Facsimile:      (510) 291-3226
E-mail:         sgt@tidricklaw.com
E-mail:         jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff ERIKA MILLER

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

17

**JURY DEMAND**

Plaintiff in the above-referenced action hereby demands a trial by jury on all counts so triable.

DATED:  December 12, 2018

Respectfully submitted,

THE TIDRICK LAW FIRM

By: _____

STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662

THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California  94612
Telephone:      (510) 788-5100
Facsimile:      (510) 291-3226
E-mail:         sgt@tidricklaw.com
E-mail:         jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff ERIKA MILLER

18

AMENDED COMPLAINT FOR CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS
GENERAL ACT OF 2004 ("PAGA") ETC. – *Miller v. A Place for Rover, Inc. d/b/a Rover et al.*

# EXHIBIT D

To:   Page 2 of 3          2018-11-20 19:25:06 (GMT)   THE TIDRICK LAW FIRM From: THE TIDRICK LAW FIR

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760; JOEL B. YOUNG SBN 236662
1300 Clay Street, Suite 600
Oakland, California 94612
TELEPHONE NO.: 510 788 5100      FAX NO.: 510 291 3226
ATTORNEY FOR *(Name):* Erika Miller

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Miller v. A PLACE FOR ROVER, INC. d/b/a Rover et al.

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court

NOV 2 0 2018

CLERK OF THE COURT
BY: _Ekalene Tobnio_
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder — Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CGC-18-571480** |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action *(specify):* 7: PAGA Claims, Labor Code § 2698 et seq.; and wage and hour claims

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 20, 2018

Steven G. Tidrick, Esq.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ORIGINAL

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

# EXHIBIT E

CASE NUMBER: CGC-18-571480  ERIKA MILLER VS. A PLACE FOR ROVER, INC. ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **APR-24-2019**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# EXHIBIT F

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| ERIKA MILLER | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-18-571480** |
| A PLACE FOR ROVER, INC. et al | |
| | **Order Continuing Case** |
| DEFENDANT (S) | **Management Conference** |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Apr-24-2019 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Jun-05-2019 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  APR-05-2019

GARRETT L. WONG

JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on APR-05-2019 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  APR-05-2019                          By: DARLENE LUM

STEVE TIDRICK (224760)
THE TIDRICK LAW FIRM
1300 CLAY STREET, SUITE 600
OAKLAND, CA  94612

CERTIFICATE OF SERVICE BY MAIL
Form 000001

# EXHIBIT G

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

ERIKA MILLER

                                                    **Case Management Department 610**
                                                    **Case Management Order**

                        PLAINTIFF (S)

              VS.                                   **NO. CGC-18-571480**

A PLACE FOR ROVER, INC. et al

                                                    **Order To Show Cause**

                        DEFENDANT (S)

---

TO: PLAINTIFF'S COUNSEL AND/OR SELF-REPRESENTED PLAINTIFF(S)

The Jun-05-2019 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 610 on Jul-16-2019 at 10:30 am, pursuant to Local Rule 3.0 C to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service on defendant(s) and obtain answer(s), or enter default(s) as to first amended complaint.

CRC 3.110(i) requires that responsive papers to an order to show cause must be filed and served at least 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 610 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  MAY-17-2019              GARRETT L. WONG
                                 _____
                                 JUDGE OF THE SUPERIOR COURT

Order To Show Cause
Form 000001

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAY-17-2019 I served the attached Order To Show Cause by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  MAY-17-2019                       By: JEFFREY LEE

STEVE TIDRICK (224760)
THE TIDRICK LAW FIRM
1300 CLAY STREET, SUITE 600
OAKLAND, CA  94612

CERTIFICATE OF SERVICE BY MAIL
Form 000001

# EXHIBIT H

*NATIONAL REGISTERED AGENTS, INC*

*SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To:   Annie Nyquist
     A PLACE FOR ROVER, INC.
     2101 4th Ave Ste 400
     Seattle, WA 98121-2343

SOP Transmittal #  **535571574**

800-592-9023 - Telephone

Entity Served:   A PLACE FOR ROVER, INC.  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of WASHINGTON on this 29 day of May, 2019. The following is a summary of the document(s) received:

1.    **Title of Action:**  ERIKA MILLER, Pltf. vs. A PLACE FOR ROVER, INC., etc., et al., Dfts.

2.    **Document(s) Served:**  Other: Demand

3.    **Court of Jurisdiction/Case Number:** San Francisco County - Unlimited Jurisdiction - Superior Court, CA
               Case # CGC18571480

4.    **Amount Claimed, if any:**  N/A

5.    **Method of Service:**

      ___ Personally served by:    ___ Process Server    ___ Law Enforcement    ___ Deputy Sheriff    ___ U. S Marshall

      _X_ Delivered Via:    ___ Certified Mail    _X_ Regular Mail    ___ Facsimile

      ___ Other (Explain):

6.    **Date of Receipt:**  05/29/2019

7.    **Appearance/Answer Date:**  Within 30 days from the date of service

8.    **Received From:**    STEVEN G. TIDRICK         **9. Carrier Airbill #** 1ZY041160197974870
                   THE TIDRICK LAW FIRM LLP
                   1300 Clay Street, Suite 600
                   Oakland, CA 94612        **10. Call Made to:** Not required
                   (510) 788-5100

11.    **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air

Image SOP

Email Notification, Annie Nyquist  annie@rover.com

Email Notification, John Lapham  Jlapham@rover.com

**NATIONAL REGISTERED AGENTS, INC**           **CopiesTo:**

Transmitted by  Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

OAKLAND CA 945

24 MAY 2019 PM 4.1

A Place For Mover, Inc.
National Registered Agents, Inc.
711 Capitol Way South, Suite 204

Olympia, WA 98501

9850181267 C005

The Tidrick Law Firm
1300 Clay Street, Suite 600
Oakland, CA 94612

1   THE TIDRICK LAW FIRM LLP
    STEVEN G. TIDRICK, SBN 224760
2   JOEL B. YOUNG, SBN 236662
    1300 Clay Street, Suite 600
3   Oakland, California 94612
    Telephone: (510) 788-5100
4   Facsimile: (510) 291-3226
    E-mail:    sgt@tidricklaw.com
5   E-mail:    jby@tidricklaw.com

6   Attorneys for Individual and Representative
    Plaintiff ERIKA MILLER

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF SAN FRANCISCO

9                           UNLIMITED JURISDICTION

10

11  ERIKA MILLER,                          | Civil Case No. CGC-18-571480

12              Plaintiff,

13       v.                                 | **PLAINTIFF ERIKA MILLER'S**
                                            | **INSPECTION DEMAND TO**
14  A PLACE FOR ROVER, INC. d/b/a Rover;    | **DEFENDANT A PLACE FOR ROVER,**
    JANICE MALONEY; and DOES 1-             | **INC. D/B/A ROVER, SET ONE**
15  20,000,000,

16              Defendants.

17

18

19

20  PROPOUNDING PARTY:  PLAINTIFF ERIKA MILLER

21  RESPONDING PARTY:  DEFENDANT A PLACE FOR ROVER, INC. D/B/A ROVER

22  SET NUMBER: ONE

23       Plaintiff ERIKA MILLER demands that Defendant A PLACE FOR ROVER, INC.

24  D/B/A ROVER respond in writing to the following Requests for Production of Documents

25  and produce and permit Plaintiff to inspect and/or copy the requested materials within thirty

26  (30) days of the date of service hereof. The originals or true, accurate, and legible copies of all

27  such documents and items shall be produced at The Tidrick Law Firm LLP, 1300 Clay Street,

28                                          1

Suite 600, Oakland, CA 94612, or at such other reasonable time and place as agreed to by the parties.

<u>DEFINITIONS</u>

1.    "DEFENDANT" or "YOU" or "YOUR" or "A PLACE FOR ROVER, INC. D/B/A ROVER" as used herein refer to the party to whom this discovery request is directed, and, if the party to whom this request is directed is an entity, it shall include any and all agents, officers, directors, employees, independent contractors to, or other representatives of, the entity to whom this request is directed.

2.    "DOCUMENT" as used herein means a "writing" as defined by Evidence Code §250, including without limitation in the form of hard copy (paper) documents, for example, handwritten notes taken during telephone conversations, and also in the form of Electronically Stored Information ("ESI"), for example, e-mails, voicemails, text messages, instant messages, word processing files, or PDF files, but also includes, without limitation, any kind of written or graphic material, however produced or reproduced, of any kind of descriptions, whether sent or received, or neither, including copies, originals, drafts and both sides thereof, and including, but not limited to: papers, writings, objections, letters, electronic mail and printouts of electronic mail, memoranda, notes, notations, work papers, reports, books, book accounts, photographs, tangible things, correspondence, reports and recordings of telephone conversations, telephone logs, statements, summaries, opinions, agreements, ledgers, journals, records of accounts, checks, summary of accounts, spreadsheets, receipts, balance sheets, income statements, confirmation slips, questionnaires, desk calendars, appointment books, diaries, graphs, test results, charts, and all of the records kept by electronic, photographic or mechanical means and anything similar to the foregoing, including data stored on computer disks, regardless of their author or origin.

<u>INSTRUCTIONS</u>

1.    No DOCUMENT shall be withheld from production based on a limiting interpretation of the words "and", "or", or "any", or a word being singular, plural, masculine or feminine, or the tense of a verb.  In any instance where a contrary interpretation would

2

1  result in a DOCUMENT being non-responsive to a request, the words "and" as well as "or"

2  shall mean "and/or", "any" shall mean "all", the singular form of a word shall be interpreted

3  in the plural or vice versa, words imparting the masculine shall be interpreted to include the

4  feminine and vice versa, and verb tenses shall be interpreted to include past, present and

5  future tenses.

6       2.    If any documents are withheld from production on the ground of privilege, you

7  must provide the following information as to each document in your response to this Demand:

8      • Date of document;

9      • Type of document;

10      • Name of the document's author(s);

11      • Name of the recipient(s), including the names of those receiving copies; and

12      • Nature and basis of the privilege claimed.

13  <u>DOCUMENTS AND THINGS TO BE PRODUCED</u>

14       1.    DOCUMENTS sufficient to show the name, addresses, phone numbers, and

15  email addresses, of each and every individual (1) who is or has been employed by

16  DEFENDANT as a pet care provider (including without limitation as a dog walker, dog sitter,

17  doggy daycare provider, dog boarder, and/or dog drop-in visit provider) at any time on or after

18  October 1, 2017, and/or (2) who is or has been under contract with DEFENDANT to work as

19  a pet care provider (including without limitation as a dog walker, dog sitter, doggy

20  daycare provider, dog boarder, and/or dog drop-in visit provider) as an independent contractor

21  at any time on or after October 1, 2017, in reasonably accessible electronic format (such as

22  Microsoft Excel) to the extent that the information exists in that format, and otherwise in

23  hardcopy format.

24       2.    The complete PERSONNEL FILE of PLAINTIFF (the term "PERSONNEL

25  FILE", as used herein, shall include any and all records maintained either in the normal course

26  of business or for any special purpose with respect to (a) the employment application, course

27  of employment, and termination of an employee and/or (b) the application, offer and

28  acceptance, and termination of any independent contractor relationship, and includes without

3

1   limitation the following, regardless of where the DOCUMENTS are held or maintained:

2   applications, employment histories or summaries, attendance records, overtime summaries,

3   work history records or summaries, records of residential addresses, phone numbers, and e-

4   mail addresses, disciplinary records, performance evaluations, termination notices, job

5   assignment or classification records, payroll or payment records, histories of compensation,

6   salary, and benefits, and all WRITINGS within the meaning of California Labor Code section

7   1198.5), without limitation as to time period, including all such DOCUMENTS held or

8   maintained by Human Resources or anyone else, such as individual supervisors.

9         3.     All DOCUMENTS showing, describing, evidencing, referring to, pertaining to,

10   or memorializing the amount of hours worked, the amount of days worked, applicable hourly

11   wage rates, compensation schedules, or compensation earned by PLAINTIFF during

12   PLAINTIFF's employment by YOU, including without limitation any payments, wages paid,

13   net gross pay, gratuitous bonuses, tips, accrued vacation time, or other forms of bonuses,

14   deferred compensation, pensions, pension benefits, retirement plans, medical or health or

15   vision benefits, licensing, or insurance of any kind, which PLAINTIFF received or for which

16   PLAINTIFF was eligible at any time.

17         4.     All DOCUMENTS constituting, showing, summarizing, depicting, relating to,

18   or pertaining to YOUR policies, procedures, or practices in effect during PLAINTIFF's work

19   for YOU governing work conditions of any kind, including without limitation in the form of

20   employment or personnel manuals, work applications, offers of employee status, notices of

21   impact of choice of employee or independent contractor status, handbooks, employment

22   agreements, independent contractor agreements, rental agreements, "at will" employment

23   policies or notices, orientation materials, and/or instructional materials.

24   DATED:  May 24, 2019           THE TIDRICK LAW FIRM LLP

25

26                                By:

27                                STEVEN G. TIDRICK, SBN 224760

28

4

**PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Alameda, State of California; I am over the age of eighteen and not a party to the within action; my business address is 1300 Clay Street, Suite 600, Oakland, CA 94612, in said County and State.

On May 24, 2019, I served the foregoing document(s), described as:

**PLAINTIFF ERIKA MILLER'S INSPECTION DEMAND TO DEFENDANT A PLACE FOR ROVER, INC. D/B/A ROVER, SET ONE**

BY MAIL TO:

A PLACE FOR ROVER, INC. d/b/a Rover
National Registered Agents, Inc.
711 CAPITOL WAY South
Suite 204
OLYMPIA, WA 98501

☑   BY MAIL: I placed such document(s) in a sealed envelope addressed as indicated above, on the above-mentioned date. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, an envelope containing the foregoing document would be deposited with the U.S. Postal Service with postage thereon fully prepaid, at Oakland, California, on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑   (STATE)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that the foregoing document(s) were printed on recycled paper.

Executed on May 24, 2019 at Oakland, California

_____
Joel Young, Esq.

5

# EXHIBIT I

## Strobel, Melissa

| | |
|---|---|
| **From:** | One Legal <noreply@onelegal.com> |
| **Sent:** | Thursday, May 30, 2019 2:12 PM |
| **To:** | Strobel, Melissa |
| **Subject:** | [EXTERNAL - Inbound DWT VIP e-mail] eFiling received by court for ERIKA MILLER VS. A PLACE FOR ROVER, INC. ET AL |

[EXTERNAL]

# eFiling Under Court Clerk Review

| | |
|---|---|
| **Order #** | <u>13297143</u> |
| **Submitted** | 5/30/2019 2:11 PM PT by Melissa Strobel |
| **Case** | ERIKA MILLER VS. A PLACE FOR ROVER, INC. ET AL #CGC-18-571480 |
| **Court** | Superior Court of California, San Francisco County (San Francisco-McAllister) |
| **Client billing** | 107222-13 |
| **Court transaction #** | 100073246 |

**Documents**

- DEFENDANT A PLACE FOR ROVER, INC. DBA ROVER.COM'S ...

**What happens next?**
The court has received your filing. You will receive an email immediately upon completion of the court clerk's review. Although court processing times vary, the court filing date for accepted filings will reflect the date this order was submitted.

You can check the <u>status of your order</u> at any time in your One Legal account.

Thank you,
The One Legal Team

How are we doing? Share your feedback.

You are receiving this email in response to an order that was placed on www.onelegal.com
Get help on our Support Center or by email at support@onelegal.com.
© 2018 One Legal, LLC - 504 Redwood Blvd, Novato, CA 94947



1

**Strobel, Melissa**

| | |
|---|---|
| **From:** | One Legal <noreply@onelegal.com> |
| **Sent:** | Thursday, May 30, 2019 2:32 PM |
| **To:** | Strobel, Melissa |
| **Subject:** | eServe complete for ERIKA MILLER VS. A PLACE FOR ROVER, INC. ET AL |

[EXTERNAL]

# eServe Complete

| | |
|---|---|
| **Order #** | 13297372 |
| **Submitted** | 5/30/2019 2:31 PM PT by Melissa Strobel |
| **Case** | ERIKA MILLER VS. A PLACE FOR ROVER, INC. ET AL #CGC-18-571480 |
| **Court** | Superior Court of California, San Francisco County (San Francisco-McAllister) |
| **Client billing** | 107222-13 |

**Served Documents**

- DEFENDANT A PLACE FOR ROVER, INC. DBA ROVER.COM'S ...

Thank you,
The One Legal Team

How are we doing? Share your feedback.

You are receiving this email in response to an order that was placed on www.onelegal.com
Get help on our Support Center or by email at support@onelegal.com.
© 2018 One Legal, LLC - 504 Redwood Blvd, Novato, CA 94947



1 | JOHN P. LeCRONE (State Bar No. 115875)
  | johnlecrone@dwt.com
2 | SCOTT R. COMMERSON (State Bar No. 227460)
  | scottcommerson@dwt.com
3 | VANDANA KAPUR (State Bar No. 281773)
  | vandanakapur@dwt.com
4 | DAVIS WRIGHT TREMAINE LLP
  | 865 South Figueroa Street, 24th Floor
5 | Los Angeles, California  90017-2566
  | Telephone:  (213) 633-6800
6 | Fax:  (213) 633-6899

7 | STEPHEN RUMMAGE (*Pro Hac Vice Pending*)
  | steverummage@dwt.com
8 | DAVIS WRIGHT TREMAINE LLP
  | 1201 Third Avenue, Suite 2200
9 | Seattle, Washington  98101
  | Telephone:  (206) 622-3150
10 | Fax:  (206) 757-7700

11 | Attorneys for Defendant
  | A PLACE FOR ROVER, INC. dba
12 | ROVER.COM

13 |

14 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

15 | FOR THE COUNTY OF SAN FRANCISCO

16 |

17 | ERIKA MILLER,                                   Case No. **CGC-18-571480**

18 |                    Plaintiff,                   **DEFENDANT A PLACE FOR ROVER, INC.**
  |                                                  **DBA ROVER.COM'S ANSWER TO**
19 |         vs.                                     **UNVERIFIED FIRST AMENDED**
  |                                                  **REPRESENTATIVE ACTION**
20 | A PLACE FOR ROVER, INC. d/b/a ROVER;            **COMPLAINT**
  | JANICE MALONEY; and DOES 1-
21 | 20,000,000,
  |                                                  Assigned to the Hon. Garrett L. Wong
22 |                    Defendants.                  Dept.: 610

23 |                                                 Action Filed:  November 20, 2018

24 |

25 |

26 |

27 |

28 |

Defendant A Place For Rover, Inc. dba Rover.Com. ("Defendant"), answering for itself and no others, in response to the unverified First Amended Representative Action Complaint ("Complaint") filed by plaintiff Erika Miller ("Plaintiff"), responds as follows:

## GENERAL DENIAL

1.     Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action.

2.     Defendant further denies that Plaintiff has sustained any injury, damage, or loss by reason of any act or omission on the part of Defendant, and specifically denies that Plaintiff, and the alleged other aggrieved individuals, suffered any of the damages alleged in the Complaint.

3.     Defendant further denies that Plaintiff, and the alleged other aggrieved individuals, are entitled to any relief against Defendant on any ground whatsoever, and denies that Plaintiff, and the alleged other aggrieved individuals, are entitled to damages against Defendant in any amount.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the allegations in the Complaint, Defendant asserts the following additional affirmative and other defenses.  In so doing, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     The Complaint, and each and every cause of action, fails to state facts sufficient to constitute a cause, or causes, of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     The Complaint, and each and every cause of action, is barred by the applicable statute(s) of limitations, including, without limitation, California Code of Civil Procedure Sections 338 and 340, as well California Labor Code Section 2699.3.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**THIRD AFFIRMATIVE DEFENSE**

**(Laches/Waiver/Estoppel/Unclean Hands)**

3.    The Complaint, and each and every cause of action, is barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Fulfill Administrative Prerequisites)**

4.    Plaintiff, and the alleged other aggrieved individuals, are precluded from asserting some or all of their claims to the extent that Plaintiff, and the alleged other aggrieved individuals, have failed to satisfy and exhaust the administrative prerequisites for bringing such claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(Properly Classified/Independent Contractors)**

5.    The Complaint, and each of its causes of action, is barred because Defendant properly classified plaintiff and those she seeks to represent as independent contractors, not employees.

**SIXTH AFFIRMATIVE DEFENSE**

**(Improper Forum, Arbitration)**

6.    Plaintiff, and the alleged other aggrieved individuals, agreed to arbitrate the dispute at issue.  Plaintiff, and the alleged other aggrieved individuals, have failed to comply with that agreement to arbitrate, and that agreement precludes this litigation.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Penalties)**

7.    The Complaint, and each and every cause of action, is barred in whole or in part, on the grounds that Plaintiff, and the alleged other aggrieved individuals, are not entitled to general and other penalties under the California Labor Code, including, but not limited to, waiting time penalties under California Labor Code Section 203.  With respect to waiting time penalties under California Labor Code Section 203, Plaintiff, and the alleged other aggrieved individuals, were paid all wages owed at termination, and regardless, any alleged failure to pay all wages due at

3

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. CGC-18-569081
4812-2581-4167v.3 0107222-000013

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

termination was not willful and/or there existed a good faith dispute as to the amount of
compensation owed, if any, at the time of termination.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

8.   The Complaint, and each and every cause of action, is barred in whole or in part, on
the grounds that Plaintiff, and the alleged other aggrieved individuals, do not have a private right
of action under applicable sections of the California Labor Code, and penalties other than waiting-
time penalties are only available in an action brought by an official of the Labor Department or
other government agency.

### NINTH AFFIRMATIVE DEFENSE

### (Not "Hours Worked")

9.   Plaintiff, and the alleged other aggrieved individuals, are barred from recovery under
the Complaint to the extent that Plaintiff, and the alleged other aggrieved individuals, did not
actually work the hours alleged or to the extent the alleged work activities described in Plaintiff's
Complaint are not compensable and/or are excluded from measured working time.

### TENTH AFFIRMATIVE DEFENSE

### (Unjust Penalties)

10.   Any award of civil penalties that otherwise could be made under the Private
Attorneys General Act of 2004, California Labor Code Section 2698, *et. seq.*, must not be made,
or at worst, must be made in a lesser amount, because they are unjust, arbitrary, capricious, and
confiscatory pursuant to California Labor Code Section 2699(e)(2).

### ELEVENTH AFFIRMATIVE DEFENSE

### (Release of Claims)

11.   The Complaint is barred in whole or in part to the extent that Plaintiff and/or the
alleged other aggrieved individuals voluntarily released and waived claims against Defendant.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

12.     If any damages have been sustained by Plaintiff and/or the alleged other aggrieved individuals, which is denied, Defendant is entitled to offset and recoup any overpayment of wages already paid.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Inadequate Representative Action)

13.     This action is not properly maintainable as a representative action, because Plaintiff's claims or defenses are unique to Plaintiff and/or Plaintiff is not capable of adequately representing the alleged other aggrieved individuals.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (De Minimis)

14.     The Complaint, and each and every cause of action alleged against Defendant, is barred to the extent that the alleged violations fall within the de minimis doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (PAGA Action Unmanageable)

15.     Plaintiff's claim for civil penalties is barred because Plaintiffs' claims and those of alleged aggrieved individuals could not be manageably tried together in a single trial consistent with due process.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Recovery)

16.     Recovery of statutory or civil penalties is barred to the extent that the accumulation of penalties would be so disproportionate to the harm alleged to violate due process under the Constitutions of the United States and the State of California.

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. CGC-18-569081
4812-2581-4167v.3 0107222-000013

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

17.     The Complaint, and each and every cause of action alleged against Defendant, is barred in whole or in part because Plaintiff and the alleged other aggrieved individuals would be unjustly enriched if they are permitted to recover on the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Equitable Relief (Injunction))

18.     Plaintiff is not entitled to the injunctive relief requested in the Complaint as Plaintiff cannot obtain injunctive relief based on past conduct.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

19.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

## PRAYER

Defendant prays for judgment as follows:

1.      That Plaintiff and the alleged other aggrieved individuals take nothing by way of the Complaint;

2.      That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.      That Defendant be awarded its costs of suit;

///

///

6

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. CGC-18-569081
4812-2581-4167v.3 0107222-000013

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4.  That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

5.  For such other and further relief as the Court deems just and proper.

DATED: May 30, 2019

DAVIS WRIGHT TREMAINE LLP
STEPHEN RUMMAGE
JOHN P. LECRONE
SCOTT R. COMMERSON
VANDANA KAPUR


By:_____ /S/ John P. LeCrone_____
              John P. LeCrone

Attorneys for Defendant
A PLACE FOR ROVER, INC. dba
ROVER.COM

7

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1                                        PROOF OF SERVICE BY ELECTRONIC MAIL

2

3          I am employed in the County of Los Angeles, State of California.  I am over the age of 18

4  and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

5          On May 30, 2019, I served the foregoing document(s) described as:

6  **DEFENDANT A PLACE FOR ROVER, INC. DBA ROVER.COM'S ANSWER TO UNVERIFIED FIRST AMENDED REPRESENTATIVE ACTION COMPLAINT**

7

8  By Electronic Service:  I hereby certify that the above-referenced document(s) were served electronically on the parties listed herein at their most recent known email address or email of

9  record by transmission to One Legal eService (designated electronic filing service provider).

10  Steven G. Tidrick, Esq.
Joel B. Young, Esq.

11  The Tidrick Law Firm
1300 Clay Street, Suite 600

12  Oakland, CA  94612

13          Executed on May 30, 2019, at Los Angeles, California.

14  ☒     State     I declare under penalty of perjury, under the laws of the State of California, that the

15                   foregoing is true and correct.

16     MELISSA A. STROBEL        /S/ Melissa A. Strobel

17        Print Name              Signature

8

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. CGC-18-569081
4812-2581-4167v.3 0107222-000013

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>PROOF OF SERVICE BY MAIL</u>

1

2          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
3   and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite
    2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

4          On May 30, 2019, I served the foregoing document(s) described as:
    **DEFENDANT A PLACE FOR ROVER, INC. DBA ROVER.COM'S ANSWER TO**
5   **UNVERIFIED FIRST AMENDED REPRESENTATIVE ACTION COMPLAINT**
    by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee
6   named below, with the name and address of the person served shown on the envelope as follows:

7   Steven G. Tidrick, Esq.
    Joel B. Young, Esq.
8   The Tidrick Law Firm
    1300 Clay Street, Suite 600
9   Oakland, CA  94612

10
           I placed such envelope(s) with postage thereon fully prepaid for deposit in the United
11  States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting
    and processing correspondence for mailing with the United States Postal Service.  I am familiar
12  with the office practice of Davis Wright Tremaine LLP, for collecting and processing
    correspondence for mailing with the United States Postal Service, which practice is that when
13  correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for
    delivering correspondence to the United States Postal Service, such correspondence is delivered to
14  the United States Postal Service that same day in the ordinary course of business.

15         Executed on May 30, 2019, at Los Angeles, California.

16  ☒    State       I declare under penalty of perjury, under the laws of the State of California,
17                   that the foregoing is true and correct.

18  ☐    Federal     I declare under penalty of perjury under the laws of the United States of
                     America that the foregoing is true and correct and that I am employed in the
19                   office of a member of the bar of this Court at whose direction the service was
                     made.
20

21  _____          _____
            MELISSA A. STROBEL                    /S/ Melissa A. Strobel
22              Print Name                             Signature

23

24

25

26

27

28

                                              9
ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. CGC-18-569081
4812-2581-4167v.3 0107222-000013

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899