1  THE TIDRICK LAW FIRM LLP
   STEVEN G. TIDRICK, SBN 224760
2  JOEL B. YOUNG, SBN 236662
   1300 Clay Street, Suite 600
3  Oakland, California  94612
   Telephone:  (510) 788-5100
4  Facsimile:   (510) 291-3226
   E-mail:      sgt@tidricklaw.com
5  E-mail:      jby@tidricklaw.com

6  Attorneys for Individual and Representative
   Plaintiff ERIKA MILLER
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 ERIKA MILLER,                              Case No. 3:19-cv-03053-WHO

12                  Plaintiff,                **REPLY IN SUPPORT OF PLAINTIFF'S
                                              MOTION TO SUBSTITUTE PROPOSED
13         v.                                 PAGA REPRESENTATIVE PLAINTIFF**

14 A PLACE FOR ROVER, INC. d/b/a Rover        Date:     December 11, 2019
   *et al.*,                                  Time:     2:00 p.m.
15                                            Location: Courtroom 2 – 17th Floor
                   Defendants.                          San Francisco Courthouse
16                                                      450 Golden Gate Avenue
                                                        San Francisco, California
17
                                              Judge:    The Honorable William H. Orrick
18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO SUBSTITUTE PROPOSED PAGA REPRESENTATIVE PLAINTIFF
*Miller v. A Place for Rover, Inc. et al.*, Case No. 3:19-cv-03053-WHO

## I. INTRODUCTION

Plaintiff Erika Miller ("Plaintiff" or "Miller") submits this reply in support of her motion, pursuant to Rules 15(a), 20(a) and 21 of the Federal Rules of Civil Procedure: (1) to add Melanie Sportsman, who is a member of the Private Attorneys General Act ("PAGA") class in this action, to the complaint in this action as a proposed PAGA representative plaintiff; and (2) to remove Erika Miller from the complaint in this action as a plaintiff. (ECF No. 45). The "Conditional Opposition" of Defendant A Place for Rover, Inc. ("Defendant Rover" or "Rover") (ECF No. 46) lacks merit. Plaintiff disagrees with numerous statements and legal arguments in Rover's opposition, however, in order to narrow the issues, this reply does not address all of the areas of disagreement but rather focuses on a subset of issues sufficient for the Court to rule upon Plaintiff's motion. Plaintiff's silence with respect to any of the statements or legal arguments in Rover's opposition should not be interpreted as an admission as to their validity.

## II. DEFENDANT OFFERS NO ARGUMENT AGAINST ADDING MELANIE SPORTSMAN AS A PROPOSED REPRESENTATIVE PLAINTIFF

Defendant Rover offers no argument against adding Melanie Sportsman, who is a member of the PAGA class in this PAGA representative action, as a proposed PAGA representative plaintiff. Accordingly, the Court should unconditionally order that Melanie Sportsman is added as a proposed PAGA representative plaintiff.

## III. DEFENDANT'S PROPOSED CONDITIONS FOR ALLOWING ERIKA MILLER TO WITHDRAW AS A PLAINTIFF ARE NOT WARRANTED

### A. Plaintiff Does Not Oppose an Order for a Sworn Declaration

While Plaintiff disagrees that she is required to do so, as a matter of compromise, Plaintiff does not oppose the Court ordering that she provide a sworn declaration explaining her reasons for withdrawing as the PAGA representative. That position should not be interpreted as a concession that any of the statements or legal arguments in support of Rover's request are valid, but rather as a demonstration of good faith and an attempt to narrow issues for the Court to decide.

### B. Orders Compelling Discovery Are Not Warranted

"The representative action authorized by the PAGA [the Private Attorneys General Act of 2004, Cal. Labor Code §§ 2698 *et seq.*] is an enforcement action, with one aggrieved employee acting as a private attorney general to collect penalties from employers that violate the Labor Code. Such an action is fundamentally a law enforcement action designed to protect the public and penalize the employer for past illegal conduct." *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489, 499 (2011) (internal quotation omitted). "The purpose of the PAGA is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code." *Id*. at 501. "The aggrieved employee acts as the proxy or agent of state labor law enforcement agencies, representing the same legal right and interest as those agencies, in a proceeding that is designed to protect the public, not to benefit private parties." *Id*. at 500 (internal quotations omitted). "[T]he PAGA creates a statutory right for civil penalties for Labor Code violations that otherwise would be sought by state labor law enforcement agencies." *Id*. (internal quotations omitted). "Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the 'aggrieved employees.'" *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 380 (2014) (quoting Lab. Code § 2699, subd. (i)). *See also id*. at 388 (referring to a "PAGA litigant's substantive role in enforcing our labor laws on behalf of state law enforcement agencies").

If Erika Miller is removed from the complaint as a plaintiff as requested, then Miller's status in this case will be reduced to nothing more than an absent nonparty "aggrieved employee" entitled to a portion of civil penalties that may be recovered by the new PAGA representative plaintiff, Melanie Sportsman. *See Williams v. Superior Court*, 3 Cal. 5th 531, 538 (2017) ("a PAGA suit [is] essentially a qui tam action filed on behalf of the state to assist it with labor law enforcement"); *Iskanian*, 59 Cal. 4th at 381 ("Because an aggrieved employee's action under the [PAGA] functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government.").

In the context of class actions and FLSA collective actions, a strong showing is required for discovery of absent class members. *See, e.g.*, *Enterprise Wall Paper Mfg. Co. v. Bodman*, 85 F.R.D. 325, 327 (S.D.N.Y. 1980) (requiring "strong showing" for discovery of absent class members); *On the House Syndication, Inc. v. Federal Express Corp.*, 203 F.R.D. 452, 455 (S.D. Cal. 2001); ("[d]iscovery of absent class members is ordinarily not permitted in class actions"); *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995) ("rarely permitted" and requires "strong showing" of necessity); *Laborers Local 17 v. Philip Morris, Inc.*, 1998 U.S. Dist. LEXIS 6749, at *5, *10 (S.D.N.Y. 1998) (allowing depositions of a total of ten (10) class members and noting that "[t]he requirement of tailoring has also led a number of courts to deem document requests and interrogatories as preferable to depositions of class members"); *McGrath v. City of Philadelphia*, 1994 U.S. Dist. LEXIS 1495, at *8 (E.D. Pa. Feb. 9, 1994) (refusing to require all members of FLSA collective action to respond to defendant's interrogatory and document requests because "[t]o allow such discovery would only serve to obfuscate the issues and drastically enhance the costs of litigation"); *Adkins v. Mid-American Growers, Inc*., 143 F.R.D. 171, 174 (N.D. Ill. 1992) (in FLSA action "interrogatories . . . should be served generally on a representative basis" because "[i]ndividualized discovery is just too onerous"). The Court should similarly require a strong showing in this case, and limit the scope of any discovery, given the similarities between class actions and PAGA representative actions.

Consistent with the authorities above, discovery of a representative sample of aggrieved employees is appropriate in a PAGA representative action. *See Alcantar v. Hobart Serv.*, 2013 WL 146323, at *5 (C.D. Cal. Jan. 14, 2013) ("the Court sees no reason why Plaintiff should not be permitted to use representative sampling in order to prove the amounts of the PAGA penalties."); *Guifu Li v. A Perfect Day Franchise, Inc*., No. 5:10-CV-01189-LHK, 2012 WL 2236752, at *13 (N.D. Cal. June 15, 2012) ("Plaintiffs' experts, relying on data collected from surveyed class members, and using generally acceptable statistical methods, calculated the average payments due to the class for each of the class claims as well as PAGA penalties. . . . The Court is satisfied that Plaintiffs have met their burden of

establishing an approximate award [for purposes of awarding damages for a default judgment] based on reasonable inferences provided by a representative sample of the class."); *Soto v. Castlerock Farming & Transp., Inc.*, 2011 WL 2680839, at *7 (E.D. Cal. July 8, 2011) (ordering that discovery be limited to a representative sample). *See also Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046 (2016) ("In many cases, a representative sample is 'the only practicable means to collect and present relevant data' establishing a defendant's liability."); *Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590, 622 (C.D. Cal. 2015) ("If calculation of individualized damages is complex, the court has numerous efficient means to resolve such issues, including questionnaires, surveys, representative testimony, the use of a special master and other aggregate analysis.") (citing cases); *Taylor v. Fedex Freight, Inc.*, 2015 WL 2358248, at *15 (E.D. Cal. May 15, 2015) ("[U]npaid wage claims can be calculated in a readily manageable trial by using experts to prepare questionnaires to acquire survey data and/or to evaluate a statistically relevant sampling of [class member] records[.]"); *Silva v. AvalonBay Communities, Inc.*, 2016 WL 4251600, at *9 (C.D. Cal. Apr. 20, 2016) ("testimony from a representative sampling of putative class members regarding whether they received premium pay when they were not provided with adequate rest periods will also constitute appropriate, common proof").

The court's reasoning in *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) is persuasive: "This Court agrees that limiting discovery to a statistically significant representative sampling, at this juncture, will both reasonably minimize the otherwise extraordinary burden imposed on the plaintiffs and their counsel and yet afford the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses. The Court will therefore limit the discovery appropriate to the de-certification and class certification proceedings to a statistically significant sample. However, if, after conducting the discovery of the representative sample, defendants can demonstrate to the Court that broader discovery is appropriate and necessary, the defendants can so move."

Consistent with the authorities above, discovery of absent nonparty "aggrieved employees" should be limited. If Erika Miller is removed from the complaint in this action as

4

a plaintiff as requested, then Defendant should be allowed to conduct discovery as to Miller only if Miller is randomly selected as part of a representative sample of individuals covered by this PAGA representative action, *i.e.*, a representative sample of all individuals who have worked in California as pet care providers for Rover and/or for any of its customers in California at any time during the relevant statutory liability period. There is nothing unique about Miller's experience as a pet care provider for Rover that would justify treating Miller differently for discovery purposes than any other absent "aggrieved employee."

On the present record, it would be premature for the Court to rule upon the appropriate size of the representative sample and/or an appropriate method for randomly selecting the sample. Before the Court orders discovery of absent nonparty "aggrieved employees," the parties should meet-and-confer about representative discovery and, if the parties cannot agree, then the parties should present any unresolved issues to the Court.

In the alternative, if the Court finds that discovery of Miller should be allowed at this time, then the Court should require Defendant to follow the normal procedure of meeting-and-conferring with Plaintiff's counsel regarding the discovery requests and to file a motion to compel if the parties cannot resolve the issues on their own. Defendant's opposition essentially requests that the Court grant a motion to compel discovery from Miller with respect to all discovery requests that Defendant has served on Miller, but Defendant has not met-and-conferred with Plaintiff's counsel regarding the discovery requests or met its burden of showing that each of the discovery requests is warranted under the applicable rules and authorities governing discovery. *See generally* N.D. Cal. Civil L.R. 37-1(a); Fed. R. Civ. Proc. Rules 26(b)(1) and 37(a)(1); *L.S. v. Oliver*, 2019 WL 4849174, at *2 (S.D. Cal. Oct. 1, 2019) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26."); *Chronic Tacos Enterprises, Inc. v. Chronic Tacos Huntington Beach, Inc.*, 2011 WL 13225127, at *2 (C.D. Cal. Aug. 11, 2011) (referring to the moving party's "prima facie burden of demonstrating the documents sought fall within the scope of permissible discovery under Fed. R. Civ. P. 26(b)(1)").

Moreover, if the Court finds that discovery of Miller should be allowed at this time,

5

then the Court should also allow Miller to move to compel Rover to produce discovery that Miller has requested from Rover. *See* Declaration of Steven G. Tidrick, Esq., ¶ 2 & Ex. 1, at page 1, lines 17-20 (Rover's objections to Miller's request for production of documents reflecting names and contact information of the PAGA class members—which are unquestionably discoverable under *Williams,* 3 Cal. 5th at 549—in which Rover states *inter alia* that "[p]ending the outcome of the motion [to substitute], Plaintiff's standing to issue the instant discovery request is in dispute").

### C. Rover's Authorities Are Distinguishable

Rover's authorities are distinguishable. In *Sherman v. Yahoo! Inc.*, 2015 WL 473270 (S.D. Cal. Feb. 5, 2015), the withdrawing plaintiff, Rafael David Sherman, "did not move to dismiss his individual claims until after his deposition had been noticed and rescheduled several times and only few months before the close of class discovery, and [the defendant] Yahoo has spent resources conducing [sic] discovery specific to Sherman." *Id*. at *7. Those circumstances are not present here, where (1) discovery has just begun; (2) Rover has not yet conducted any discovery specific to Miller; (3) Miller filed her motion to withdraw only 36 days after Defendant noticed her deposition for the first time; and (4) there is no imminent discovery deadline. Moreover, even under the extreme circumstances in *Sherman*, the court in *Sherman* allowed the defendant to depose Mr. Sherman but "[did] not condition Sherman's withdrawal on providing any outstanding or further discovery responses." *Id*.

In *Fraley v. Facebook Inc.*, 2012 WL 555071 (N.D. Cal. Feb. 21, 2012), the defendant provided notice of its intent to depose the plaintiff, and then the plaintiff waited approximately five (5) months—until less than one month before the deadline for briefing on class certification—before filing a motion for a protective order. *Id*. at *1-2. The court ordered that the plaintiff be produced for deposition "in a timely fashion in light of the deadlines for Facebook's responsive briefing on Plaintiffs' class certification motion." *Id*. at *3. Here, in contrast, Plaintiff did not delay five months, and there is no imminent briefing deadline for which deposition testimony by the PAGA representative plaintiff is needed. Moreover, unlike *Fraley*, which was a Rule 23 class action, this case is a PAGA representative action, and

therefore there is no class certification requirement in this case. *See Zackaria v. Wal-Mart Stores, Inc.*, 142 F. Supp. 3d 949, 954 (C.D. Cal. 2015) ("The majority of federal courts that have addressed the issue have found that representative PAGA claims need not be certified under Rule 23 to proceed.") (internal quotations omitted) (citing cases); *Pedroza v. PetSmart, Inc.*, 2013 WL 1490667, at *16 (C.D. Cal. Jan. 28, 2013) ("[W]e conclude that PAGA actions, as a law enforcement action seeking to protect the public against Labor Code violations by assessing penalties against violating employers, serve a fundamentally different purpose from class actions, which allows a named plaintiff to represent class members to recover individual relief on their behalf for the sake of efficiency and practicality. In light of their distinct purposes, we conclude that PAGA claims need not be certified under Rule 23 to proceed on a representational basis because a PAGA claim is not a class action within the meaning of Rule 23.") (footnote reference omitted). Defendant has not shown how in a PAGA representative action a former PAGA representative plaintiff's testimony is any more relevant than that of any other absent nonparty "aggrieved employee."

The case of *Dysthe v. Basic Research, L.L.C.*, 273 F.R.D. 625 (C.D. Cal. 2011) is distinguishable on the same grounds as *Fraley*: the litigation was at a "late stage," *id.* at 627, and the court found that a former class representative's testimony was "highly likely to be relevant to class certification issues." *Id.* at 629. In contrast, this case is at an early stage, and there are no class certification issues because there is no class certification requirement.

### D. Other Rule 23 Authorities Counsel Against Rover's Requested Conditions

To the extent that the Court considers Rule 23 class action cases to be persuasive, a more relevant authority would be *Roberts v. Electrolux Home Prod., Inc.*, 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013), where the court allowed plaintiffs to withdraw as the named plaintiffs in a class action without requiring that they be deposed. The court stated: "[T]here has been no delay in prosecuting this action, and because the request to withdraw has been made before either a motion for summary judgment or a motion for class certification, the timing of the request suggests that it should be granted." *Id.* at *2. The court also stated that the defendant "has not made any showing that it has expended significant time and energy

7

preparing for these depositions" or "explained how any of its other preparations in this case would be undermined if Horton and Roberts are permitted to withdraw." *Id*. The same considerations counsel against imposing the conditions that Rover requests.

Similarly, in the case of *In re Avon Anti-Aging Skincare Creams & Prod. Mktg. & Sales Practices Litig.*, 2014 WL 12776747 (S.D.N.Y. Apr. 22, 2014), the court rejected the defendant's request that a plaintiff's voluntary dismissal be conditioned on the plaintiff being deposed and producing documents, stating that cases in which courts imposed such requirements "are cases that had progressed considerably further than this one or cases involving misconduct by the plaintiff." *Id*. at *2 (footnote reference omitted).

Another Rule 23 class action case that is more persuasive than Rover's authorities is *In re Navistar MaxxForce Engines Mktg., Sales Practices, & Prod. Liab. Litig.*, 2018 WL 316369 (N.D. Ill. Jan. 4, 2018), where the court allowed fifteen (15) named plaintiffs to withdraw as proposed class representatives without requiring them to respond to outstanding discovery requests. *Id*. at *4. The court stated:

> Defendants do not explain, beyond conclusory assertions, why they need more information to make their certification arguments. And they do not elaborate on how learning more about a specific purchase contract, maintenance history, or the sale of certain trucks will further illuminate matters relevant to certification such as how typical those circumstances are among other potential class members. . . . In short, defendants have not demonstrated that, now that new plaintiffs will be stepping in to represent the putative classes, defendants will be prejudiced at the certification stage without the proposed dismissed plaintiffs' responses to the outstanding discovery requests.

*Id*. So too here, Rover has not shown how discovery regarding Miller's experiences are any more relevant than the experiences of any other absent nonparty "aggrieved employee."

## IV. CONCLUSION

Plaintiff respectfully requests that the Court grant her motion to: (1) <u>add</u> Melanie Sportsman, who is a member of the PAGA class in this action, to the complaint in this action as a proposed PAGA representative plaintiff; and (2) to <u>remove</u> Erika Miller from the complaint in this action as a plaintiff.

//

//

8

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO SUBSTITUTE PROPOSED PAGA REPRESENTATIVE PLAINTIFF
*Miller v. A Place for Rover, Inc. et al.*, Case No. 3:19-cv-03053-WHO

DATED:  November 27, 2019         Respectfully submitted,

                                  THE TIDRICK LAW FIRM LLP

                                  By: /s/ Steven G. Tidrick
                                  _____
                                  STEVEN G. TIDRICK, SBN 224760
                                  JOEL B. YOUNG, SBN 236662

                                  Attorneys for Individual and Representative
                                  Plaintiff ERIKA MILLER

9

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO SUBSTITUTE PROPOSED PAGA REPRESENTATIVE PLAINTIFF
*Miller v. A Place for Rover, Inc. et al.*, Case No. 3:19-cv-03053-WHO