THE TIDRICK LAW FIRM LLP
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff MELANIE SPORTSMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE SPORTSMAN,<br><br>              Plaintiff,<br><br>     v.<br><br>A PLACE FOR ROVER, INC. d/b/a Rover *et al.*,<br><br>              Defendants. | Case No. 3:19-cv-03053-WHO<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT**<br><br>Date:     March 31, 2021<br>Time:     2:00 p.m.<br>Location: Courtroom 2 – 17th floor<br>              San Francisco Courthouse<br>              450 Golden Gate Avenue<br>              San Francisco, California<br><br>Judge:    The Honorable William H. Orrick |

1

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT – *Sportsman v. A Place for Rover, Inc. et al.*, Case No. 3:19-cv-03053-WHO

Plaintiff Melanie Sportsman's Motion for Summary Judgment and/or Partial Summary Judgment was filed with this Court on February 24, 2021. Having considered the motion, together with the supporting and opposition papers, the Court finds and orders as follows:

Plaintiff alleges that California law requires that Defendant A Place For Rover, Inc. d/b/a Rover ("Defendant" or "Rover") classify its Pet Care Providers as employees, and has asserted claims arising from Defendant's alleged misclassification of the workers as independent contractors. The first step in proving these claims is establishing that Plaintiff, who was a Pet Care Provider for Defendant, must be classified as an employee. The California Supreme Court simplified the relevant test when it issued its decision in *Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903 (2018), reh'g denied (June 20, 2018) ("*Dynamex*"), which the California Legislature subsequently codified. *See* A.B. 5, Ch. 296, 2019–2020 Reg. Sess. (Cal. 2019); Cal. Lab. Code § 2775. Workers are presumed to be employees. *See Dynamex*, 4 Cal. 5th at 955. To overcome this presumption and lawfully classify a worker as an independent contractor, a company must, pursuant to the *Dynamex* three-prong "ABC" test, prove three (3) things: (a) that the worker is free from the control and direction of the hirer; (b) that the worker performs work that is outside the usual course of the hiring entity's business; and (c) that the worker is customarily engaged in an independently established trade, occupation, or business. *Id*. at 925.

Plaintiff established that a wage order applies to her work, so the burden shifted to Defendant to prove that Plaintiff was properly classified as an independent contractor. *See Garcia v. Border Transp. Grp., LLC*, 28 Cal. App. 5th 558, 572-73 (2018), as modified on denial of reh'g (Nov. 13, 2018); *Arshakyan v. X17, Inc.*, 2019 WL 10097455, at *2 (C.D. Cal. June 21, 2019). Defendant has not carried that burden. No genuine dispute of material fact exists.

Accordingly, THE COURT HEREBY GRANTS Plaintiff's motion, as follows:

The Court finds that under California law, Plaintiff was an employee of Defendant, not an independent contractor. Thus, Plaintiff's motion for partial summary judgment for a finding and declaration that she was an employee of Defendant and not an independent

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT – *Sportsman v. A Place for Rover, Inc. et al.*, Case No. 3:19-cv-03053-WHO

1 | contractor is GRANTED.

2 |     IT IS SO ORDERED.

4 | Dated: _____      _____

5 |                                   The Honorable William H. Orrick

6 |                                   United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT – *Sportsman v. A Place for Rover, Inc. et al.*, Case No. 3:19-cv-03053-WHO