1 | JOHN P. LECRONE (State Bar No. 115875)
    johnlecrone@dwt.com
2 | VANDANA KAPUR (State Bar No. 281773)
    vandanakapur@dwt.com
3 | MARISSA FRANCO (State Bar No. 296793)
    marissafranco@dwt.com
4 | PAUL RODRIGUEZ (State Bar No. 307139)
    paulrodriguez@dwt.com
5 | DAVIS WRIGHT TREMAINE LLP
    865 South Figueroa Street, 24th Floor
6 | Los Angeles, California  90017-2566
    Telephone:  (213) 633-6800
7 | Fax:  (213) 633-6899

8 | STEPHEN M. RUMMAGE (*Admitted Pro Hac Vice*)
    steverummage@dwt.com
9 | DAVIS WRIGHT TREMAINE LLP
    920 Fifth Avenue, Suite 3300
10 | Seattle, Washington  98104
    Telephone:  (206) 622-3150
11 | Fax:  (206) 757-7700

12 | Attorneys for Defendant
    A PLACE FOR ROVER, INC. dba
13 | ROVER.COM

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MELANIE SPORTSMAN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>A PLACE FOR ROVER, INC. d/b/a ROVER *et al*.<br><br>　　　　　　Defendants. | Civil Case No. 3:19-cv-03053-WHO<br><br>**DEFENDANT A PLACE FOR ROVER, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　March 31, 2021<br>Time:　2:00 p.m.<br>Place:　Courtroom 2 – 17th Floor<br><br>Before the Honorable William H. Orrick |

**PLEASE TAKE NOTICE THAT** Defendant A Place For Rover, Inc. d/b/a Rover.com ("Rover") hereby requests that the Court take judicial notice of information contained in **Exhibits D to N**, attached to the accompanying Declaration of John P. LeCrone, pursuant to Federal Rule of Evidence 201.

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Evidence 201 provides that a Court may take judicial notice of a fact that is not subject to reasonable dispute. *See* Fed. R. Evid § 201(b).  A fact is not subject to dispute if it either (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned. *See* Fed. R. Evid § 201(b)(1)-(2).

Rover respectfully requests this Court judicially take notice of several categories of documents: (1) official State of California websites, (2) publicly accessible webpages, and (3) legislative history.  Courts routinely take notice of these types of documents, and in some cases, are required to take notice of them.  Fed. R. Evid. § 201(c)(2) (a court "*must* take judicial notice" where requested by a party and "supplied with the necessary information.") (emphasis added). As described below, this Court has sample authority to judicially notice these materials:

1. **Exhibits D, H, and I**, its contents which are described below and attached to the LeCrone Declaration, are true and correct copies of printouts of official records from the California Secretary of State website.  Courts routinely take judicial notice of information found on government websites and its contents, including the California Secretary of State website. *See, e.g., Freeney v. Bank of Am.,* 2015 WL 4366439, at *13 (C.D. Cal. 2015) (observing that "[c]ourts routinely take judicial notice of documents available on government websites"); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.,* 805 F. Supp. 2d 932, 937 (C.D. Cal. 2011) (taking judicial notice of California Secretary of State website); *Gerritsen v. Warner Bros. Entertainment Inc.*, 112 F.Supp.3d 1011, 1033 (C.D. Cal. 2015) (taking judicial notice of California Secretary of State website); *Paralyzed Veterans of Am. v. McPherson*, No. C064670SBA, 2008 WL 4183981, at *5 (N.D. Cal. September 9, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice");

*United States ex rel. Modglin v. DJO Global Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015) (explaining that "[u]nder [Federal Rule of Evidence] 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by government agencies," and judicially noticing state Medicaid provider manuals found on state Medicare websites), citing *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08–CV–1166–IEG, 2009 WL 6597891, *1 (S.D. Cal. Dec. 23, 2009); *Edejer v. DHI Mortg. Co.,* 2009 WL 1684714, *4 (N.D. Cal. June 12, 2009) ("With regard to DHI's and Ocwen's respective registrations with the California Secretary of State, the court takes judicial notice of this information.  This information is from an official government website and its accuracy is not reasonably in dispute.").  Rover respectfully request this Court judicially notice these Exhibits:

    a. **Exhibit D**, attached to the LeCrone Declaration, is a true and correct copy of a printout from the California Secretary of State website, titled "*Starting a Business – Entity Types*," last visited February 22, 2021, downloaded from https://www.sos.ca.gov/business-programs/business-entities/starting-business/types/.

    b. **Exhibit H**, attached to the LeCrone Declaration, is a true and correct copy of a printout from the California Secretary of State website, showing information for the business entity named Maisy's Mutts LLC, last visited the website on February 22, 2021, accessed from https://businesssearch.sos.ca.gov/.

    c. **Exhibit I**, attached to the LeCrone Declaration, is a true and correct copy of a printout from the California Secretary of State website, showing the Articles of Organization for the business entity named Maisy's Mutts LLC, last visited the website on February 22, 2021, accessed from https://businesssearch.sos.ca.gov/.

2. **Exhibits E to G**, its contents which are described below and attached to the LeCrone Declaration, are true and correct copies of printouts from various websites found on the world wide web.  Courts in the Northern District of California routinely take judicial notice of websites and their contents.  *See Pac. Overlander, LLC v. Kauai Overlander*, No. 18-CV-02142-

KAW, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018) (taking notice of website, print-outs of an Instagram account, and print-outs of reviews available on Google); *see also Caldwell v. Caldwell*, No. 05-cv-4166-PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) ("as a general matter, websites and their contents may be proper subjects for judicial notice"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010). Rover respectfully request this Court judicially notice these Exhibits:

 a. **Exhibit E**, attached to the LeCrone Declaration, is a true and correct copy of a printout from the website titled "maisysmutts.com," last visited February 22, 2021, downloaded from Maisysmutts.com.

 b. **Exhibit F**, attached to the LeCrone Declaration, is a true and correct copy of a printout from the Facebook page located at "facebook.com/MaisysMutts/" last visited February 22, 2021, downloaded from https://www.facebook.com/MaisysMutts/.

 c. **Exhibit G**, attached to the LeCrone Declaration, is a true and correct copy of a printout from the Yelp page located at "https://www.yelp.com/biz/maisys-mutts-fresno-2" last visited February 22, 2021, downloaded from https://www.yelp.com/biz/maisys-mutts-fresno-2.

3. **Exhibits J to N**, its contents which are described below and attached to the LeCrone Declaration, are true and correct copies of printouts of documents reflecting legislative history of Assembly Bill No. 5 and Assembly Bill No. 2257. Courts commonly take judicial notice of legislative history. *See, e.g., See Anderson v. Holder,* 673 F.3d 1089, 1094 n.1 (9th Cir. 2012)("Legislative history is properly a subject of judicial notice.") (citing *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005)); *Gonzales v. Marriott Int'l, Inc.*, 142 F. Supp. 3d 961, 968 (C.D. Cal. 2015)("Federal courts routinely take judicial notice of the legislative history of both federal and California statutes."); *See Snyder v. Unum Life Ins. Co. of Am.*, No. CV 13–07522 BRO (RZx), 2014 WL 7734715, at *5 (C.D. Cal. Oct. 28, 2014)(Judicial notice is appropriate because "[l]egislative history is a source whose accuracy cannot reasonably be questioned."); *see Frieri v. Sysco Corporation*, No. 16-CV-1423 JLS

(NLS), 2016 WL 7188282, at *4 (S.D. Cal. Dec. 12, 2016 ("Courts may take judicial notice of legislative facts including 'facts of which courts take particular notice when interpreting a statute.'"); *Rocky Mountain Farmers Union v. Goldstone*, 719 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010) (taking judicial notice of a variety of legislative history, including statements, reports, and white papers). Rover respectfully request this Court judicially notice these Exhibits:

a. **Exhibit J**, attached to the LeCrone Declaration, is a true and correct copy of the California Senate Rules Committee's Senate Floor Analysis of Assembly Bill 5, dated September 9, 2019, downloaded from https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201920200AB5.

b. **Exhibit K**, attached to the LeCrone Declaration, is a true and correct copy of the California Senate Committee on Labor, Public Employment and Retirement's Analysis of Assembly Bill 5, dated July 10, 2019, downloaded from https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201920200AB5.

c. **Exhibit L**, attached to the LeCrone Declaration, is a true and correct copy of the Amended Version of Assembly Bill 2257 from August 7, 2020, downloaded from https://legiscan.com/CA/text/AB2257/id/2203886.

d. **Exhibit M**, attached to the LeCrone Declaration, is a true and correct copy of the Amended Version of Assembly Bill 2257 from August 20, 2020, downloaded from https://legiscan.com/CA/text/AB2257/id/2205701.

e. **Exhibit N,** attached to the LeCrone Declaration, is a true and correct copy of the video recording of the July 10, 2019 hearing of the California Senate Committee on Labor, Public Employment, and Retirement, which was accessed on the California State Senate website, at https://www.senate.ca.gov/media-archive/default?title=Labor&startdate=07%2F10%2F2019&enddate=07%2F10%2F2019.

Rover respectfully asks this Court grant its request for judicial notice as to all documents addressed above.

Dated:  February 24, 2021

Respectfully Submitted

DAVIS WRIGHT TREMAINE LLP

By:  */s/John P. LeCrone*
     John P.  LeCrone

Attorneys for Defendant
A PLACE FOR ROVER, INC. d/b/a ROVER.COM